## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| PSA, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION No. 04-389-KAJ |
| | ) | |
| Inter-World Communications, Inc., | ) | |
| Corpserve, S.A. de C.V., World Center | ) | |
| of Video Conferences, S.A. de C.V., | ) | |
| Dean Hollis Velazco, and John Remke, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MOTION FOR LEAVE TO FILE AMENDED
### COMPLAINT AND TO AMEND CAPTION

ETS Payphones, Inc., the successor-in-interest to plaintiff PSA, Inc. (the "Plaintiff"), pursuant to Federal Rule of Civil Procedure 15 and this Court's scheduling order dated February 4, 2005, requests leave to amend the caption of the complaint and to file its amended complaint (the "Amended Complaint") against Inter-World Communications, Inc. ("IWCI"), Corpserve, S.A. de C.V., World Center of Video Conferences, S.A. de C.V., Dean Hollis Velazco ("Hollis"), and John Remke (collectively, the "Defendants").

### Basis for Relief

1.    This is an action for turnover of property of the estates, fraudulent conveyance, breach of contract, and conversion of assets of the estates. The Plaintiffs demand an accounting and monetary damages of no less than $9 million.

2.    In the Plaintiff's original complaint (the "Complaint"), the Plaintiff alleged, among other things, that defendants Inter-World Communications, Inc., Dean Hollis

Velazco and John Remke breached contracts relating to the "formation, funding and operation of a joint business venture involved in the Mexican pay telephone business." Complaint, at ¶ 48.

3.    Based on discovery to date, the Plaintiff has amended the Complaint to set forth with more particularity the contracts thus far discovered related to the formation, funding and operation of the joint venture entity that were breached by various defendants, and the specific breaches of those contracts. A copy of the Amended Complaint is attached as Exhibit "A," and a redline of the Complaint against the Amended Complaint is attached as Exhibit "B."

4.    In addition, the Amended Complaint restyles the Complaint to designate as plaintiff ETS Payphones, Inc., the successor-in-interest to PSA, Inc. under the First Amended Joint Reorganization Plan Submitted by the Debtors and the Official Committee of Unsecured Creditors dated July 25, 2001 (the "Plan"), which was confirmed by the United States Bankruptcy Court for the District of Delaware on November 14, 2001.[1]

5.    Accordingly, Plaintiff further requests that the caption be amended to remove PSA, Inc. and to insert ETS Payphones, Inc. so that the caption shall read as follows:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ETS Payphones, Inc.,<br>　　　Plaintiff,<br>v.<br>Inter-World Communications, Inc.,<br>Corpserve, S.A. de C.V., World Center<br>of Video Conferences, S.A. de C.V.,<br>Dean Hollis Velazco, and John Remke,<br>　　　Defendants. | CIVIL ACTION No. 04-389-KAJ |

---

[1] The Plan was confirmed by the Bankruptcy Court on November 14, 2001, prior to the date of the Complaint, but the Plan did not become effective until November 5, 2002, two months after the Complaint was filed. Thus, PSA Inc. was properly the plaintiff at the time the Complaint was filed, and could properly refer to itself as a "Debtor" in the Complaint.

WP3:1108167.2                                                                         057484.1001

6.      Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires."  As the Third Circuit instructed in *United States v. Thomas,* 221 F.3d 430, 435 (3d Cir. 2000), "The purpose of Rule 15 'is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities. This is demonstrated by the emphasis Rule 15 places on the permissive approach that the district courts are to take to amendment requests, no matter what their character may be[.]'"

7.      While the Plaintiff is not stating any cause of action not raised in its Complaint, the Amended Complaint better reflects the correct name of the Plaintiff and specifies some of the specific contracts giving rise to its original claims against defendants IWCI, Hollis and Remke.

8.      Because discovery is ongoing and some of the relevant contracts are not in the possession of the Plaintiff, the Plaintiff reserves its rights to request amend its complaint to conform to the evidence adduced at or prior to trial.

3

   057484.1001

**Prayer for Relief**

For the foregoing reasons, the Plaintiff requests that the Court enter the attached

order granting leave to amend the Complaint.

This 29th day of April, 2005.

Jonathan W. Jordan
King & Spalding LLP
191 Peachtree Street
Atlanta, Georgia 30303
Telephone:    (404) 572-4600
Facsimile:    (404) 572-5149

-AND-

Brendan Linehan Shannon (No. 3136)
Sean M. Beach (Bar No. 4070)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 N. West Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253

057484.1001