# EXHIBIT B

## IN THE UNITED STATES ~~BANKRUPTCY~~ <u>DISTRICT</u> COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ~~In re~~ | ) | ~~Chapter 11~~ |
| | ) | |
| ~~PSA, INC.,~~ | ) | ~~Case No. 00-3570 (JCA)~~ |
| ~~a Delaware corporation,~~ | ) | |
| | ) | ~~(Jointly Administered~~ |
| ~~and affiliates,~~ | ) | ~~Case Nos. 00-3570~~ |
| | ) | ~~through 00-3572~~ |
| ~~Debtors.~~ | ) | ~~and 00-3718~~ |
| | ) | ~~through 00-3725)~~ |
| | ) | |
| ~~PSA~~<u>ETS Payphones</u>, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| ~~v.~~ | ) | ~~Adversary Proceeding No. 02-5565~~ |
| <u>v.</u> | ) | <u>**CIVIL ACTION No. 04-389-KAJ**</u> |
| | ) | |
| Inter-World Communications, Inc., | ) | |
| Corpserve, S.A. de C.V., World Center | ) | |
| of Video Conferences, S.A. de C.V., | ) | |
| Dean Hollis Velazco, and John Remke, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

~~PSA, Inc.,~~ ETS Payphones, Inc. ~~and related debtor entities (the "Debtors~~<u>, **as successor to PSA, Inc. (the "Plaintiff"**</u>"), pursuant to sections 542, 544, 547, 548 and 550 of 11 U.S.C. §§ 101-1330 (as amended and supplemented the "Bankruptcy Code") and Rule 7001 of the Federal Rules of Bankruptcy Procedure, hereby file this <u>**amended**</u> complaint against Inter-World Communications, Inc., Corpserve, S.A. de C.V., World Center of Video Conferences, S.A. de C.V., Dean Hollis Velazco, and John Remke (collectively, the "Defendants").

**Preliminary Statement**

1. This is an action for turnover of property of the estates, fraudulent conveyance, breach of contract, and conversion of assets of the estates. ~~Debtor~~**Plaintiff** demands an accounting and monetary damages in an amount no less than $9 million.

**The Parties**

2. ~~Debtors are debtors in these~~**Plaintiff is a reorganized** chapter 11 ~~cases~~**debtor** with ~~their~~**its** principal place of business located at 1490 Westfork Drive, Suite G, Lithia Springs, Georgia.

3. Inter-World Communications, Inc. ("IWCI") is a Washington corporation with its principal place of business located at 2929 North Central Avenue, Suite 2100, Phoenix, Arizona 85012.

4. Upon information and belief, Corpserve, S.A. de C.V. ("Corpserve") is a Mexican company with its principal Place of business located at Sinaloa #10, Colonia Roma, Mexico, D.F.C.P. 06700.

5. Upon information and belief, World Center of Video Conferences, S.A. de C.V. ("WCVC") is a Mexican company with its principal place of business located at Puebla #237, Colonia Roma, Mexico, D.F.C.P. 06700.

6. Upon information and belief, Dean Hollis Velazco ("Hollis") is a United States citizen who presently resides in Mexico.

7. Upon information and belief, Hollis is President of IWCI and WCVC and an officer and/or director of Corpserve.

8. Upon information and belief, John Remke ("Remke") is a United States citizen who presently resides in Mexico.

9.  Upon information and belief, Remke is an officer and/or director of IWCI, Corpserve and WCVC.

### Jurisdiction and Venue

10.  ~~Debtors~~**Plaintiff, together with its affiliated debtors, including PSA, Inc. ("PSA"),** filed petitions for relief under chapter 11 of the Bankruptcy Code on September 11, 2000 and September 21, ~~2000 (collectively, the "Petition Date")~~**2000.**

11.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 334(b). This matter is an adversary proceeding which arises in and relates to *In re PSA, Inc.*, Case Nos. 00-3570 to 00-S572 and 00-3718 to 00-3725, pending in ~~this Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F), (H) and (O).~~**the United States Bankruptcy Court for the District of Delaware.**

12.  Venue of these cases and this adversary proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Factual Background

13.  ~~Debtor~~**Plaintiff** and its affiliates are in the business of operating pay telephones across the United States and Puerto Rico.

14.  Upon information and belief, IWCI is involved in the telecommunications industry in Mexico.

15.  Upon information and belief, IWCI owns or owned at the relevant time period a controlling interest in Corpserve, a company involved in the telecommunications industry in Mexico.

3

16. Upon information and belief, IWCI owns or owned at the relevant time period a controlling interest in WCVC, a company involved in the telecommunications industry in Mexico.

17. In 1998, ~~Debtors~~**Plaintiff**, on one hand, and IWCI, Hollis and Remke, on the other hand, negotiated an agreement to form a joint business venture and other related agreements. **These agreements included, without limitation: (a) a Binding Memorandum of Understanding for a Joint Venture Agreement between Twinleaf, Inc. and/or its Assigns and Inter-World Communications, Inc. and/or its Assigns dated October 17, 1998; (b) the Limited Liability Company Agreement of Pay Phones of the Americas, LLC between IWCI and PSA dated November 20, 1998; (c) the Agreement of Sale and Assignment of Telephone Location Agreements between WCVC and PSA dated November 20, 1998; (d) a Pay Phone Purchase Agreement between PSA and Payphones of the Americas, L.L.C. dated November 20, 1998; (e) the Assignment of Telephone Location Agreements and Bill of Sale between IWCI and POA dated November 20, 1998; (f) an Assignment Agreement Between WCVC and IWCI; (f) a Shareholder Agreement for Pay Phones of the Americas, LLC, between Charles E. Edwards and IWCI; (g) a Note and Guaranty dated November 10, 1998 between IWCI, PSA and Hollis; (h) a Note and Guaranty dated October 20, 1998 between IWCI, PSA and Hollis. The Plaintiff and IWCI, Hollis, WCVC, Corpserve and Remke were also parties to other rental, assignment, pledge, security, technical and consulting agreements during the course of POA's formation**.

18. The purpose of the joint venture was to operate pay telephones in Mexico.

19. On November 20, 1998, the joint venture came into being in the form of a limited liability company named Pay Phones of the Americas, L.L.C. ("POA"). ~~A true and correct copy~~

4

~~of the Limited Liability Company Agreement of Pay Phones of the Americas, L.L.C. is attached hereto as Exhibit A.~~

20.   The Certificate of Formation for POA was filed in the office of the Secretary of State for the State of Delaware on November 30, 1993. ~~A true and correct copy of the Certificate of Formation is attached hereto as Exhibit B.~~

21.   POA's principal place of business was listed as 3455 Peachtree Industrial Road, Suite 305-138, Duluth, Georgia 30096.

22.   Hollis was designated as IWCI's representative to POA's Management Committee.

23.   Remke was POA's Secretary.

24.   ~~Debtors~~**Plaintiff** paid approximately $7 million in cash and equipment from 1998 through 2000.

25.   ~~Debtors~~**Plaintiff** paid approximately $7 million to IWCI, Hollis, Remke, Corpserve, WCVC, or on one or all of their behalves.

25.   In exchange for payments, ~~Debtors were~~**Plaintiff was** to receive 12,000 site agreements for pay telephone locations in Mexico and sixty percent (60%) ownership of POA.

27.   IWCI is a forty percent (40%) owner of POA.

28.   In consideration for ~~its~~**their** ownership share in POA, IWCI, Hollis, and/or Remke were to contribute and/or cause WCVC and Corpserve to contribute to POA at least 12,000 site agreements for pay telephone locations in Mexico, 133 Elcotel pay telephones, and a license from the Mexican telecommunications authority to operate a pay telephone business in Mexico.

5

29. Also in consideration for ~~its~~**their** ownership in POA, IWCI, Hollis, and/or Remke were to deliver and/or cause WCVC and Corpserve to deliver directly to ~~Debtors~~**Plaintiff** 12,000 additional site agreements for pay telephone locations in Mexico.

30. Upon information and belief, the Defendants did not deliver to POA the 12,000 site agreements for pay telephone locations.

31. Upon information and belief, the Defendants did not deliver to POA the 133 Elcotel pay telephones.

32. Upon information and belief, the Defendants did not deliver to POA the Mexican telecommunications business license.

33. Upon information and belief, the Defendants did not deliver to ~~Debtors~~**Plaintiff** the additional 12,000 site agreements for pay telephone locations.

34. Upon information and belief, the Defendants did not use the money paid by ~~Debtors~~**Plaintiff** to operate POA or purchase equipment and sites for ~~Debtors~~**Plaintiff**, but instead used such money for their own purposes

## COUNT 1
### TURNOVER OF PROPERTY OF THE ESTATES

35. ~~Debtors~~**Plaintiff** hereby ~~incorporate~~**incorporates** paragraphs 1 through 34 above as if fully set forth herein.

36. Upon information and belief, Defendants acquired pay telephones, site lease agreements, licenses and established an operating entity with funds paid by ~~Debtors~~**Plaintiff** (the "Property").

37. Pursuant to the agreements with the Defendants, some of the Property is property of ~~the estates of Debtors~~**Plaintiff** pursuant to section 541 of the Bankruptcy Code.

38. Defendants are in possession, custody and control of the Property.

39. ~~Debtors have~~**Plaintiff has** suffered damages in the amount of at least $9 million as a result of Defendants' failure to timely and properly turnover the Property pursuant to the agreements.

40. ~~Debtors are~~**Plaintiff is** entitled to turnover of this property of the estate from Defendants pursuant to section 542 of the Bankruptcy Code.

## COUNT 2
### RECOVERY OF FRAUDULENT CONVEYANCE AGAINST ALL DEFENDANTS

41. ~~Debtors~~**Plaintiff** hereby ~~incorporate~~**incorporates** paragraphs 1 through 34 above as if fully stated herein.

42. ~~Debtors~~**Plaintiff** made payments to Defendants to create and operate POA.

43. In exchange for its payments, ~~Debtors~~**Plaintiff** did not receive reasonably equivalent value.

44. ~~Debtors were~~**Plaintiff was** engaged in and/or ~~were~~**was** about to engage in a business transaction for which the remaining assets of the ~~Debtors~~**Plaintiff** were unreasonably small in relation to the business and/or transaction.

45. ~~Debtors~~**Plaintiff** should have believed that by entering into the transaction, they would incur debts beyond their ability to pay as they became due.

46. Pursuant to sections 544, 548 and 550 of the Bankruptcy Code, ~~Debtors are~~**Plaintiff is** entitled to avoid the payments and recover $7 million.

## COUNT 3
### BREACH OF CONTRACT AGAINST IWCI, HOLLIS AND REMKE

47. ~~Debtors~~**Plaintiff** hereby ~~incorporate~~**incorporates** paragraphs 1 through 34 above as if fully stated herein.

7

48.  ~~Debtors~~**Plaintiff** and IWCI, Hollis and Remke entered into contracts relating to the formation, funding and operation of a joint business venture involved in the Mexican pay telephone business<u>. These formation, funding and operational agreements between the Plaintiff and Hollis, Remke and IWCI included, without limitation: (a) a Binding Memorandum of Understanding for a Joint Venture Agreement between Twinleaf, Inc. and/or its Assigns and Inter-World Communications, Inc. and/or its Assigns dated October 17, 1998; (b) the Limited Liability Company Agreement of Pay Phones of the Americas, LLC between IWCI and PSA dated November 20, 1998; (c) the Agreement of Sale and Assignment of Telephone Location Agreements between WCVC and PSA dated November 20, 1998; (d) a Pay Phone Purchase Agreement between PSA and Payphones of the Americas, L.L.C. dated November 20, 1998; (e) the Assignment of Telephone Location Agreements and Bill of Sale between IWCI and POA dated November 20, 1998; (f) an Assignment Agreement Between WCVC and IWCI; (f) a Shareholder Agreement for Pay Phones of the Americas, LLC, between Charles E. Edwards and IWCI; (g) a Note and Guaranty dated November 10, 1998 between IWCI, PSA and Hollis; (h) a Note and Guaranty dated October 20, 1998 between IWCI, PSA and Hollis. The Plaintiff and IWCI, Hollis, WCVC, Corpserve and Remke were also parties to other rental, assignment, pledge, security, technical and consulting agreements during the course of POA's formation</u>.

49.  The contracts obligated IWCI, ~~Hollis and Remke~~ to, *inter alia*~~,~~<u>: (a)</u> supply POA with 12,000 site agreements for pay telephone locations in Mexico, 133 Elcotel pay telephones, and a license from the Mexican telecommunications authority to operate a pay telephone business in Mexico<u>; (b) lend $160,000 to POA to operate its business; and (c) assign all of its shares of Corpserve's outstanding equity securities except two to POA. The contracts</u>

**obliged Hollis, to, *inter alia*, (a) contribute one share of Corpserve's outstanding equity owned by Hollis to IWCI; and (b) guaranty payment of debts from IWCI to PSA totaling $1,132,455.00. The contracts obliged WCVC to, *inter alia*, assign to PSA rights to install 12,000 pay phones at locations under contract with WCVC.**

50. Neither IWCI, Hollis nor Remke supplied the items **or otherwise fulfilled their contractual obligations** referenced in the preceding paragraph.

51. The contracts also obligated IWCI, Hollis and Remke to help operate POA as a going business.

52. Neither IWCI, Hollis nor Remke helped operate POA as a going business.

53. Based upon but not limited to the above-described conduct, IWCI, Hollis and/or Remke breached their contracts.

54. ~~Debtors~~**Plaintiff** suffered damages, including lost profits, loss of initial investment, and fees and costs associated with this action as a result of the breaches by IWCI, Hollis and Remke in an amount of at least $9 million.

## COUNT 4
## CONVERSION OF CORPORATE ASSETS AGAINST HOLLIS

55. ~~Debtor's~~**Plaintiff** hereby ~~incorporate~~**incorporates** paragraphs 1 through 34 above as if fully stated herein.

56. ~~Debtors~~**Plaintiff** contributed assets to POA.

57. Upon information and belief, Hollis assumed control over the assets of POA in a manner inconsistent with POA's rights in said assets.

58. Upon information and belief, Hollis improperly converted POA'~~S~~**s** assets for his personal benefit and/or for the benefit of Corpserve**, IWCI** and WCVC.

59. Upon information and belief, Hollis' conversion of POA's assets was willful.

60. ~~Debtors~~**Plaintiff** suffered damages as a result of Hollis' conversion of POA's assets in the amount of at least $9 million.

## COUNT 5
## CONVERSION OF CORPORATE ASSETS AGAINST REMKE

61. ~~Debtors~~**Plaintiff** hereby ~~incorporate~~**incorporates** paragraphs 1 through 34 above as if fully stated herein.

62. ~~Debtors~~**Plaintiff** contributed assets to POA.

63. Upon information and belief, Remke assumed control over the assets of POA in a manner inconsistent with POA's rights in said assets.

64. Upon information and belief, Remke improperly converted POA's assets for his personal benefit and/or for the benefit of Corpserve**, IWCI** and WCVC.

65. Upon information and belief, Remke's conversion of POA's assets was willful.

66. ~~Debtors~~**Plaintiff** suffered damages as a result of Remke's conversion of POA's assets in the amount of at least $9 million.

## **PRAYER FOR RELIEF**

WHEREFORE, ~~Debtors pray~~**Plaintiff prays** the Court **to** enter judgment in ~~their~~**its** favor as follows:

(a) An accounting of all corporate assets, expenditures and accounts be ordered with regard to IWCI, Corpserve, and WCVC;

(b) $7 million against the Defendants as alleged in Count 1, or turnover of the property of the estate held by the Defendants;

(c) $7 million against the Defendants for Fraudulent Conveyance as alleged in Count 2;

(d) $9 million against the Defendants for Breach of Contract as alleged in Count 3;

10

(e) $9 million against Hollis and Remke for Conversion of Corporate ~~Asset~~**Assets** as alleged in Counts 4 and 5;

(f) Prejudgment interest;

(g) Expenses associated with pursuing this action; and

(h) Such other and further relief as the Court deems just and proper.

This **30**<sup>th</sup> day of ~~September, 2002.~~**April, 2005.**

~~Shannon Lowry Nagle~~
~~David A. Geiger~~
~~Powell, Goldstein, Frazer & Murphy LLP~~
**Jonathan W. Jordan**
**King & Spalding LLP**
191 Peachtree Street~~, N.E., Sixteenth Floor~~
Atlanta, Georgia 30303
Telephone:     (404) 572-~~6600~~**4600**
Facsimile:     (404) 572-~~6999~~**5149**

-AND-

_____
Brendan Linehan Shannon (No. 3136)
Sean M. Beach (Bar No. 4070)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 N. West Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253

11

WP3:1108228.2                                                                                       057484.1001