IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PSA, Inc. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 04-389-KAJ |
| v. | ) |
| | ) |
| Inter-World Communications, Inc., | ) |
| Corpserve, S.A. de C.V., World | ) |
| Center of Video Conferences, S.A. | ) |
| De C.V., Dean Hollis Velazco, and | ) |
| John Remke, | ) |
| | ) |
| Defendants. | ) |

**OPPOSITION TO MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT AND TO AMEND CAPTION**

Corpserve, S.A. de C.V. ("Corpserve") and Dean Hollis Velazco ("Hollis"), (collectively, the "Defendants"), by and through their undersigned counsel, file this Opposition to Motion for Leave to File Amended Complaint and to Amend Caption, stating as follows:

**INTRODUCTION**

In its Motion for Leave to File Amended Complaint and to Amend Caption (the "Motion to Amend") Movant, ETS Payphones, Inc. ("ETS"), while portraying the relief sought as merely housekeeping, actually attempts to substitute a new party and to substantively change the allegations set forth in the Complaint. The Plaintiff, after failing for more than two and a half years to prosecute this action, and now finding itself in a

{D0043753:1 }

position where it may need to respond to a dispositive motion,[1] makes this effort to correct omissions made by the Plaintiff when it filed the Complaint on September 10, 2002. The Movant has fallen short in demonstrating why such a delay is justified. As detailed below, the Motion to Amend improperly attempts to affect substantive rights, is untimely, and must be denied.

## FACTUAL/PROCEDURAL BACKGROUND

1. On September 11 and 21, 2000, eleven related entitles filed Chapter 11 petitions with the Clerk of the Bankruptcy Court for this District. One of those entities was ETS, and another was PSA, Inc. ("PSA"). Pursuant to the Bankruptcy Court's Order of December 20, 2000, those eleven cases were jointly administered.

2. On July 25, 2001, the Debtors along with the unsecured creditors' committee filed a First Amended Join Reorganization Plan (the "Plan"). On November 14, 2001, the Bankruptcy Court entered an order confirming the Plan.

3. The Plan (excerpts of which are attached hereto as Exhibit "A") provided for the creation of a Litigation Trust, from which allowed unsecured claims would be paid. (Plan at 20). The Plan specifically provided that

> "…proceeds realized from potential claims and causes of action of Debtors arising after the Petition Date or related to prepetition breaches of contract, Debtors' interest in NYLT, Debtors' investment in Mexico, Debtors' interest in the EUCL and similar litigation shall not become part of the Litigation Trust but shall remain property of Debtors or Reorganized ETS."

(Plan at 20). Thus, the foregoing makes clear that the proceeds of the enumerated claims and causes of action, including actions related to "investments in Mexico," do not become part of the Litigation Trust. This portion of the Plan does not specify whether

---

[1] Counsel for Defendants has informed Movant's counsel that a Motion to Dismiss will be filed shortly.

{D0043753:1 }

those claims remain property of the prepetition entities that originally owned them, or become part of the reorganized entity created by the Plan.

4. The Plan goes on to provide that "[o]n the Confirmation Date the Debtors' Estates shall be substantially consolidated." (Plan at 17) and that on or before the Effective Date, ETS Payphones, Inc.; PSA, Inc.; ETS Vending, Inc.; Americom, Inc.; City Public Phones, Inc.; ETS Payphones of California, Inc.; ETS Management Services, LLC; MSC National, Inc.; S and R Telecommunications Consultations, Inc.; TSC Payphone Corp.; and Phoenix Telecom of Puerto Rico, Inc. will be substantively consolidated and immediately merged with and into Reorganized ETS. (Plan at 18). Consistently, the Plan also provides that "upon the occurrence of any such merger, all assets of the merged entities….shall be transferred to and become the assets of Reorganized ETS." Id. Thus, it is clear that at least up to the Effective Date, each of the previously enumerated claims and causes of action remained the property of the individual debtors. Subsequently, December 5, 2002 was declared to be the Effective Date.

5. On September 10, 2002, PSA filed an adversary Complaint in the Bankruptcy Court that initiated the present action. The Complaint asserts claims arising out of a failed joint venture between PSA and certain of the Defendants to operate pay telephones in Mexico. PSA sought to recover approximately $9 million on theories of turnover of property of the estate, fraudulent conveyance, breach of contract and conversion.

6. During the ensuing months, Defendants filed a Motion to Dismiss and a Motion to Abstain, both of which were denied.

7.      On June 18, 2004, Defendants filed a Motion to Withdraw the Reference. The Plaintiff did not object to the relief sought, and the Motion to Withdraw the Reference was granted by this Court on January 11, 2005.

8.      Now, more than 2 ½ years after the Complaint was filed and almost 3 ½ years after the Plan was confirmed, ETS has filed the Motion to Amend, which seeks to add to the allegations of the Complaint a list of specific contracts upon which allegedly the claims asserted in the Complaint are based and which, ostensibly seeks to "restyle" the Complaint, by substituting the reorganized, Post-Chapter 11 entity, ETS, for PSA as the Plaintiff in this action.

## ARGUMENT

**I.      Leave to Amend Should be Denied as it Attempts to Change the Party**

9.      The Motion to Amend must be denied, as it attempts to effectuate a complete change in the party prosecuting this action. Contrary to ETS's assertion in the Motion to Amend, ETS is not the successor in interest to PSA under the confirmed Plan. Federal Rule of Civil Procedure 15(c)(3) prohibits the amending of a complaint to change a party.

10.     Under the Plan, Class 8 consisted of equity interests in ETS.  (Plan at 11). The Plan also provides that the Class 8 interests are cancelled as of the Effective Date and thereafter, "[a]ny certificate representing any Interest in ETS shall be of no force and effect."  (Plan at 14).  The foregoing provision does not, however, extinguish the existing equity interests in PSA, nor does it render PSA's stock certificates of no force and effect. Thus, PSA continued as a viable entity, which is distinct from reorganized ETS not only post-Confirmation, but also post-Effective Date.

11.     Accordingly, ETS is not the successor-in-interest to PSA, and the Motion to Amend constitutes an improper attempt to substitute an entirety different party for PSA, as the Plaintiff in this matter. For this reason, the Motion to Amend must be denied.

## II.     Leave to Amend Should be Denied as it Attempts to Substantively Amend the Claims Asserted in the Original Pleading

12.     The Amended Complaint proposed by ETS significantly alters the original Complaint. Specifically, Paragraph 17 of the Amended Complaint contains a listing of no less than nine (9) different agreements that are allegedly, in some unspecified way, related to the formation of the Mexican joint venture, which is at the center of the dispute. By enumerating these nine (9) contracts, ETS is seeking to expand the scope of the claims asserted against Defendants, vis-à-vis the original Complaint, which contained no such listing of specific agreements or claims related to these agreements.

13.     The agreements which the Plaintiff seeks to add to the complaint, go beyond, and may not be related to, the "agreement to form a joint business venture and other related agreements" the claim asserted in paragraph 17 of the Complaint.

14.     This attempt to expand claims, which were not set forth in the original pleading, is not permissible pursuant to Federal Rule of Civil Procedure 15(c)(2), and doing so more then 30 months after the after the adversary Complaint was initially filed, is highly prejudicial to Defendants.

## III.     Leave To Amend Should Be Denied As It Is Untimely, Preducicial And Unjustified

15.     The Movant has utterly failed to explain the 2 ½ year delay in seeking to amend the Complaint. While leave to amend is in the discretion of this Court, and may

be granted where justice requires, justice does not require it to be allowed in the case at hand. Leave to Amend need not be freely given where there has been "…undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…" Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962).

16. In the present matter, there has been, without question, undue delay. This case was filed more than 2 ½ years ago. The Plaintiff has had more than adequate opportunity to move to amend. Instead, the Plaintiff has done nothing to prosecute this action, even neglecting to properly serve the Defendants.[2] The Plaintiff never attempted to conduct any discovery in Bankruptcy Court, and waited months to even notify the Defendants that it would not object to the Motion Withdraw the Reference. There is no reason why the Plaintiff could not have moved previously for leave to amend. In fact, the Plaintiff, on October 21, 2003, filed an Amended Complaint, and then withdrew it shortly thereafter, further demonstrating its failure to timely move to amend the Complaint.

17. This undue delay has caused a burden and prejudice to the Defendants, who have for 2 ½ years spent a great deal of time, effort and money preparing their case and its defenses based solely upon the claims asserted in the Complaint, which the Plaintiff now seeks to expand, as well as focusing defenses on the named Plaintiff, which it now seeks to substitute. This undue delay has placed an unwarranted burden on the opposing party. See, Cureton v. National Collegiate Athletic Association, 252 F. 3d 267, 273 (3d Cir. 2000).

---

[2] Defendants Corpserve, S.A. de C.V. ("Corpserve") and Dean Hollis Velazco ("Hollis") have asserted in their answer the affirmative defense of insufficiency of service of process.

18.     Had the Plaintiff pursued, to any degree, the prosecution of this action over the last 2 ½ years, it would have taken notice of what it now perceives to be matters so deficient that it must seek leave to amend.  Instead, the Plaintiff has waited 2 ½ years after the filing of the Complaint, almost five (5) years after the filing of the petitions, more than three (3) years after Plan confirmation, and at a time when the parties are preparing dispositive motions, to seek leave of Court to amend the Complaint.  Such a delay is unjustified.

## CONCLUSION

As the Plaintiff seeks to amend the Complaint to add additional claims and substitute a different party as Plaintiff more than 2 ½ years after the filing, and such relief is unjustified, unduly delayed and prejudicial to the Defendants, the Motion to Amend must be denied.

Date: May 12, 2005

Respectfully submitted

CAMPBELL & LEVINE, LLC

By:  /S/ Marla Rosoff Eskin
Marla Eskin, Esquire  (No. 2989)
800 King Street
Suite 300
Wilmington, DE 19899
302-426-1900

and

David B. Salzman, Esq.
Campbell & Levine, LLC
1700 Grant Building
Pittsburgh, PA  15219-2399
(412) 261-0310
(412) 261-5066 facsimile

Attorneys for Defendants

{D0043753:1 }