# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS

RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6621
DIRECT FAX: (302) 576-3281
sbeach@ycst.com

ATHANASIOS E. AGELAKOPOULOS
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
CURTIS J. CROWTHER
MARGARET M. DIBIANCA
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
DANIELLE GIBBS
ALISON G.M. GOODMAN
SEAN T. GREECHER
KARA S. HAMMOND
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN (NY ONLY)
PATRICIA A. WIDDOSS

TIMOTHY E. LENGKEEK
MATTHEW B. LUNN
JOSEPH A. MALFITANO
GLENN C. MANDALAS
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JOHN J. PASCHETTO
ADAM W. POFF
SETH J. REIDENBERG
FRANCIS J. SCHANNE
MICHELE SHERRETTA
MICHAEL P. STAFFORD
JOHN E. TRACEY
MARGARET B. WHITEMAN
CHRISTIAN DOUGLAS WRIGHT
SHARON M. ZIEG

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

August 5, 2005

**BY HAND DELIVERY**

The Honorable Mary Pat Thynge
United States District Court for the
District of Delaware
J. Caleb Boggs Federal Building
844 North King Street, Room 6100
Lockbox 8
Wilmington, DE 19801

> Re:  PSA, Inc. v. Inter-World Communications, Inc., Corpserve, S.A. de C.V., World Center of Video Conferences, S.A. de C.V., Dean Hollis Velazco, and John Remke, Civil Action No. 04-389-KAJ

Dear Magistrate Judge Thynge:

The parties to this matter have unfortunately reached an impasse over two basic objections to virtually all of the plaintiff's discovery requests related to Count II of its lawsuit. Because the plaintiff believes that the defendant's objection to all discovery regarding one of the crucial contracts in this case imposes an insurmountable roadblock to potential settlement, and will necessitate the extension of pending discovery deadlines until the matter is resolved, we respectfully ask that you consider this issue at the pre-mediation status teleconference currently set for August 12, 2005 at 9:00 a.m.

### *Outline of the Discovery Dispute*

Plaintiff ETS Payphones, Inc. ("Plaintiff" or "ETS") has sued defendant Dean Hollis Velazco (the "Defendant" or "Hollis") for, among other things, breach of a series of "contracts

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
Page 2

relating to the formation, funding and operation of a joint business venture involved in the Mexican pay telephone business." Plaintiff's Original Complaint, ¶ 48. Two of these contracts relating to the funding of the joint business venture were personal guarantees signed by defendant Dean Hollis Velazco guaranteeing payments to the Plaintiff by co-defendant Inter-World Communications, Inc. ("IWCI"). (These two guarantees are referred to collectively as the "Hollis Guarantee").

When written discovery was served upon the Defendant about the Hollis Guarantee, he refused to answer any of the discovery requests on the grounds that the Defendant believes the Plaintiff did not intend to include the Hollis Guarantee in its original complaint; ergo, the Hollis Guarantee is "not relevant" to the case. Inconsistently, the Defendant attached the Hollis Guarantee to his own discovery requests to the Plaintiff, and requested discovery from Plaintiff about a related contract.

Compounding his refusal to answer written discovery requests, the Defendant, through counsel, has represented that he will also refuse to answer any deposition questions about the Hollis Guarantee, notwithstanding Federal Rule of Civil Procedure 30(d)(1), which prohibits instructions not to answer unless necessary to preserve a privilege, to enforce a court-directed limitation on discovery, or to prevent bad-faith inquiries made to annoy, embarrass, or oppress the witness.

Questions about the Hollis Guarantee go to the heart of Count II of the Plaintiff's claims against Hollis, which are all based upon "contracts relating to the formation, funding and operation of a joint business venture." The Defendant's stonewalling of *any* discovery about these contracts, which include the Hollis Guarantee, is a transparent effort to "run the discovery clock" and preclude the Plaintiff from obtaining the most basic information needed to try the case on its merits. It is also the latest in a lengthy chain of procedural attempts to stall progress of the case, attempts that have included: (a) evasion of service in Mexico, (b) a motion to dismiss based on lack of service (which was denied by the bankruptcy court), (c) a motion to abstain in favor of an unspecified court in Mexico (which was also denied by the bankruptcy court), (d) a motion to withdraw the reference from bankruptcy court to this Court (which the Plaintiff consented to in an effort to move the case along), and (e) an objection to the Plaintiff's motion for leave to amend the original complaint in order to clean up the pleadings by substituting the proper successor party as plaintiff, and specifying with particularity contracts generally referred to in the original complaint as "relating to the formation, funding and operation of a joint venture business." (This last issue is pending before the Court).

### *Issues Presented in this Dispute*

1. *The Hollis Guarantee is a significant part of the plaintiff's breach of contract case.*

Paragraph 48 of the original complaint alleged that the Defendant for breached "contracts relating to the formation, funding and operation of a joint business venture involved in the Mexican pay telephone business." Although the original complaint did not mention the Hollis Guarantee by name, the Hollis Guarantee clearly falls within this description, along with several

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
Page 3

other related contracts that (a) all were designed to implement the joint venture, (b) all were signed by Hollis in the same two-month period in late 1998, and (c) all involved obligations of affiliates of the Defendants and affiliates of the Plaintiff.

Because not all contracts were specifically listed in the original complaint, the Plaintiff moved to amplify the complaint to list certain individual contracts signed around the time of the joint venture's formation, which included the Hollis Guarantee [D.I. 22] (the "Motion to Amend Complaint"). The Defendant has objected to the Motion to Amend Complaint, claiming that the Plaintiff must not have intended to include the Hollis Guarantee as part of the original complaint.[1]

The Plaintiff replied that the Hollis Guarantee, along with the other contracts specifically listed in the amended complaint, was always a part of its case; the Plaintiffs did not have to designate each and every contract under liberal federal notice pleading rules requiring only a short, plain statement of the Plaintiff's entitlement to relief, and the Defendant never moved for a more definite statement under Federal Rule 12(e). The Plaintiff also responded with a large volume of case law from and within the Third Circuit underscoring the broad right to amend a complaint under Rule 15, particularly when the amendment merely amplifies claims raised more generally in the original complaint. *See, e.g., See, e.g., Arista Records, Inc. v. Flea World, Inc.*, 356 F.Supp. 2d 411, 419 (D. Del. 2005) (Simandle, J.) ("Typically a plaintiff will not be prejudiced, in this sense, by permitting a defendant to cure an insufficient defense or to amplify a defense that has been stated in the answer."); *Lake v. Caricement, V.I., Inc.*, 2003 WL 23218485 (D. V.I. Mar. 25, 2003) ("Allowing amendments which amplify existing pleadings furthers the objectives of the federal rules that cases should be determined on their merits."); *France Telecom S.A. v. Novell, Inc.*, 2002 WL 31355255 (D. Del. Oct. 17, 2002) (Sleet, J.) ("'The clearest cases for leave to amend are correction of an insufficient claim or defense and amplification of previously alleged claims or defenses.'") (quoting *U.S. v. Teeven*, 1992 WL 683682 (D.Del. Oct. 27, 1992)); *Pegasus Dev. Corp. v. Direct TV, Inc.*, 2002 WL 598457 (D. Del. April 18, 2002) (Sleet, J.) (same); *Downing Properties Assoc. v. The Great Atlantic & Pacific Tea Co., Inc.*, 2001 WL 827576 (E.D. Pa. July 23, 2001) ("Motions to amend under Fed. R. Civ. P. 15(a) may be filed to cure a defective pleading, to correct insufficiently stated claims, to amplify a previously alleged claim, to change the nature or theory of the case...."). *Id.* The matter is pending before the Court.

   2.   *The Plaintiff served proper discovery concerning the Hollis Guarantee.*

The Plaintiff served twenty discovery requests, including interrogatories, requests for admissions, and requests for production, pertaining to the Hollis Guarantee. *See* Exhibit A (Defendant's Objections to Plaintiff's Request for Admissions, Interrogatories, and Requests for Production). The requests include the following types of questions relating to the Hollis Guarantee:

---

[1] The Defendant also claimed that the Plaintiff should not be allowed to have the case caption conform to reflect ETS Payphones, Inc. as successor-in-interest under its confirmed bankruptcy plan. This claim, which is the basis of the Defendant's second broad objection to discovery, is treated in point 3.

## YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Mary Pat Thynge
Page 4

- Did Hollis sign the Hollis Guarantee?

- Does Hollis have any evidence that the Hollis Guarantee was ever paid?

- Does Hollis have any evidence that the guaranteed debt from the joint venture, IWCI, was ever paid?

- Does Hollis contend that he has any defenses against the Hollis Guarantee?

*Id.* Because these requests go directly to the subject matter of the original complaint – "contracts relating to the formation, funding and operation of a joint business venture involved in the Mexican pay telephone business" – they are directly relevant to the Plaintiff's claims, and are proper means of discovery under Federal Rules 26(b)(1), 33, 34 and 36.

To underscore the relevance of the Hollis Guarantee to the instant case, the Defendant has propounded his own discovery requests questioning the validity of the debt from IWCI being guaranteed by Hollis, *and has even attached the Hollis Guarantee to his discovery requests to the Plaintiff.* The Plaintiff's requests are undoubtedly proper, and information about the Hollis Guarantee is unquestionably discoverable.

3.  *The Defendant refused to answer any discovery about the Hollis Guarantee.*

The Defendant's response to every request concerning the Hollis Guarantee is virtually identical:

> Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

This response, in essence, asserts the right of a defendant to interpret the other side's complaint so narrowly that he will not be required to answer anything other than the most minimal discovery.

If the Defendant had a question about the meaning of "contracts relating to the formation, funding and operation of a joint business venture involved in the Mexican pay telephone business" in the original complaint, he could have moved for a more definite statement under Federal Rule 12(e). But a defendant cannot unilaterally select which contracts are or are not a part of the other side's case, and a defendant cannot circumvent his discovery obligations by pretending that contracts referred to generally in the original complaint (and, in fact, signed by the Defendant) are not part of the lawsuit. The Defendant's objection is even more remarkable given his own discovery request attaching the Hollis Guarantee and asking about its underlying debt. These objections should be overruled, so that discovery can proceed and the Plaintiff can try its case.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
Page 5

    4.    *The Defendant has stated that he will refuse to answer relevant deposition questions.*

To avoid the expense of this motion and inconvenience to the Court and parties, the Plaintiff attempted to obtain the same discovery by taking Hollis' deposition, since Rule 30(d)(1) narrowly limits instructions not to answer deposition questions. To ensure that an attempted deposition would not be a waste of time and money, however, the Plaintiff's counsel requested some assurance that Mr. Hollis would answer in deposition the questions he refused to answer in writing, inquiring of Hollis' counsel via email:

> I received Mr. Hollis's responses to ETS's discovery requests. Do you intend to let him answer those questions in his deposition? If not, I think it makes the most sense to postpone the deposition until we can get the Court to rule on the matter, so we avoid the expense of a trip to Delaware for Mr. Hollis and me. Conversely, if he will answer those same questions in his deposition, then it probably would make more sense to take the deposition and save everyone the cost of a motion to compel.
>
> Please let me know Mr. Hollis's position at your convenience; I will be sending you a more formal letter in an attempt to resolve his objections without Court intervention in a day or two, but I thought it made the most sense to check with you first and see if the deposition would be fruitless absent a resolution of this matter.

The Plaintiff's reply was a short, blunt refusal:

> I will not allow Mr. Hollis to answer those questions at his deposition.

*See* Exhibit B (correspondence between counsel dated July 26, 2005).

This instruction not to answer is in direct violation of Rule 30(d)(1), which states: "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4) [pertaining to depositions conducted unreasonably as to annoy, embarrass, or oppress the deponent]." Fed. R. Civ. P. 30(d)(1).

    5.    *The Defendant objects to <u>any</u> discovery from the Plaintiff.*

Finally, the Defendant takes the following sweeping position regarding *all* discovery requests made by the Plaintiff:

> Hollis objects to answering this discovery in its entirety, as it purports to be served by ETS Payphones, Inc., the successor-in-interest to plaintiff PSA, Inc. ("ETS"). ETS is not a party to this action, and therefore no responses are necessary.

*See* Exhibit A, at 2  As the Defendant is well aware, prior to December 5, 2002, the date its bankruptcy plan became effective, ETS was an affiliate of PSA, Inc. ("PSA"), the original plaintiff in this case. Both companies filed for chapter 11 protection in September of 2000, and

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
Page 6

their cases were jointly administered. The confirmed chapter 11 reorganization plan, which became effective after this lawsuit was filed, provided that all assets of PSA would be transferred to this reorganized ETS. Thus, ETS owns the causes of action against the defendants formerly owned by PSA. ETS is the correct plaintiff, because no other entity owns the claims formerly asserted by PSA. (The foregoing facts, with their underlying support, were laid out for the Defendant in the Plaintiff's reply brief regarding the Motion to Amend Complaint, so the Defendant was aware of these facts before taking the position he now asserts.)

      6.    *Rule 37(d) Requires Assessment of Costs.*

Given the Defendant's history of procedural roadblocks, and the unsupportable nature of his arguments, this is a valid case for application of the cost provision of Rule 37(d). The Plaintiff has, as indicated, made a good faith effort to resolve this matter without the need for Court intervention.

Respectfully submitted,

Sean M. Beach

cc:    The Honorable Kent A. Jordan (by hand delivery)
        Marla Rosoff Eskin, Esq. (by hand delivery)
        Jonathan W. Jordan, Esq. (by electronic delivery)

DB01:1795904.2        057484.1001