## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PSA, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION No. 04-389-KAJ |
| | ) | |
| Inter-World Communications, Inc., | ) | |
| Corpserve, S.A. de C.V., World Center | ) | |
| of Video Conferences, S.A. de C.V., | ) | |
| Dean Hollis Velazco, and John Remke, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### NOTICE OF FILING OF EXHIBITS TO LETTER DATED AUGUST 5, 2005

PLEASE TAKE NOTICE that on August 5, 2005, Plaintiff ETS Payphones, Inc. filed a

letter to the Honorable Mary Pat Thynge [Docket No. 31] (the "Letter"). The Letter was

inadvertently filed without Exhibits A and B. Attached hereto are Exhibits A and B to the Letter.

Dated: August 8, 2005
    Wilmington, Delaware

    YOUNG CONAWAY STARGATT & TAYLOR, LLP

    _____

    Brendan Linehan Shannon (No. 3136)
    Sean M. Beach (Bar No. 4070)
    Young Conaway Stargatt & Taylor, LLP
    Brandywine Building
    1000 N. West Street
    Wilmington, Delaware 19801
    Telephone:    (302) 571-6600
    Facsimile:    (302) 571-1253

    Counsel for Plaintiff

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| PSA, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 04-389-KAJ |
| v. | ) | |
| | ) | |
| Inter-World Communications, Inc., | ) | |
| Corpserve, S.A. de C.V., World | ) | |
| Center of Video Conferences, S.A. | ) | |
| De C.V., Dean Hollis Velazco, and | ) | |
| John Remke, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT DEAN HOLLIS VELAZCO'S ANSWERS TO REQUEST FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION

**General Objections to Plaintiff's Request for Admissions, Interrogatories, and Requests for Production to Defendant Dean Hollis Velazco**

Defendant Dean Hollis Velazco ("Hollis") hereby submits the following answers in response to request for admissions, interrogatories, and requests for production.  Hollis makes the responses herein without waiving but expressly reserving:

1.    All objections as to competency, relevancy, materiality, and admissibility as evidence for any purpose in any subsequent proceeding in, or the trial of, this or any other action;

2.    The right to object to the use of these responses, the subject matter thereof, and any documents produced in accordance therewith or the subject matter thereof in any subsequent proceeding in, or the trial of, this or any other action;

3.      The right to object on any appropriate ground at any time to a demand for further responses to these or any other discovery procedures involving or relating to the subject matter of any or all of these responses and any or all documents produced in accordance therewith;

4.      The right at any time to revise, correct, add to, supplement or clarify any of the responses contained herein;

5.      All objections as to privilege and work product;

6.      All objections to Plaintiffs' discovery requests to the extent they exceed the requirements of the Civil Rules; and

7.      Hollis objects to answering this discovery in its entirety, as it purports to be served by ETS Payphones, Inc., the successor-in-interest to plaintiff PSA, Inc. ("ETS"). ETS is not a party to this action, and therefore no responses are necessary. Without waiver of this objection, Hollis provides answers and objections as set forth below:

Subject to these General Objections, Hollis responds as follows:

## REQUESTS FOR ADMISSIONS

**Request for Admission 1:**

Admit that you signed the document attached as Exhibit A.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint.

**Request for Admission 2:**

Admit that you signed the document attached as Exhibit B.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint.

**Request for Admission 3:**

Admit that Inter-World Communications, Inc. did not pay PSA, Inc. or its assigns $732,455 on December 31, 1998.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint. Moreover, Inter-World Communications, Inc. has filed for bankruptcy and as such is no longer a party to this action.

**Request for Admission 4:**

Admit that Inter-World Communications, Inc. did not pay PSA, Inc. or its assigns $732,455 at any time since December 31, 1998.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint. Moreover, Inter-World Communications, Inc. has filed for bankruptcy and as such is no longer a party to this action.

**Request for Admission 5:**

Admit that Inter-World Communications, Inc. did not pay PSA, Inc. or its assigns $400,000 on December 31, 1998.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint. Moreover, Inter-World Communications, Inc. has filed for bankruptcy and as such is no longer a party to this action.

**Request for Admission 6:**

Admit that Inter-World Communications, Inc. did not pay PSA, Inc. or its assigns $400,000 at any time since December 31, 1998.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint. Moreover, Inter-World Communications, Inc. has filed for bankruptcy and as such is no longer a party to this action.

**Request for Admission 7:**

Admit that the debt of Inter-World Communications, Inc. to PSA, Inc. and its assigns evidenced

by Exhibit A is still outstanding as of the date of these requests.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in

the pending complaint. Moreover, Inter-World Communications, Inc. has filed for bankruptcy

and as such is no longer a party to this action.

**Request for Admission 8:**

Admit that the debt of Inter-World Communications, Inc. to PSA, Inc. and its assigns evidenced

by Exhibit B is still outstanding as of the date of these requests.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in

the pending complaint. Moreover, Inter-World Communications, Inc. has filed for bankruptcy

and as such is no longer a party to this action.


## INTERROGATORIES

**Interrogatory No. 1:**

If you denied any request for admission set forth in these requests, for each request denied:

      (a)  state in detail each and every basis for your denial;

      (b)  identify all persons having knowledge of the facts relevant to the request for
           admission that you denied and the basis for your denial;

      (c)  identify all documents that refer, reflect or relate to the reasons for your denial,
           whether or not stated in response to Interrogatory 1(a).

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in

the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to

the present action.

**Interrogatory No. 2:**

If you contend that you are not liable to the Plaintiff for the debt guaranteed under your signature and attached as Exhibit A, state in detail all reasons therefore, including all defenses, conditions precedent, and any other reasons why contend you are not liable.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

**Interrogatory No. 3:**

Identify all persons with knowledge of facts concerning your contentions in response to the preceding interrogatory.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

**Interrogatory No. 4:**

If you contend that you are not liable to the Plaintiff for the debt guaranteed under your signature and attached as Exhibit B, state in detail all reasons therefore, including all defenses, conditions precedent, an any other reasons why contend you are not liable.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

**Interrogatory No. 5:**

Identify all persons with knowledge of facts concerning your contentions in response to the preceding interrogatory.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

**Interrogatory No. 6:**

If you contend that the debt evidenced by Exhibit A has been paid (by Inter-World Communications, Inc., you, or another person or entity), satisfied, or otherwise modified, state in detail all reasons therefore, including all defenses, conditions precedent, and any other reasons why contend you are not liable.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

**Interrogatory No. 7:**

If you contend that the debt evidenced by Exhibit B has been paid (by Inter-World Communications, Inc., you, or another person or entity), satisfied, or otherwise modified, state in detail all reasons therefore, including all defenses, conditions precedent, and any other reasons why contend you are not liable.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

**Interrogatory No. 8:**

State your calculation of all amounts owed to ETS by Inter-World Communications, Inc. under Exhibits A and B, including interest at the stated 10 percent rate, as of the date of your response, and state in detail the way you calculated these amounts.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

Produce all documents that you contend support your responses to interrogatories 2, 6, and 7.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

**Request for Production No. 2:**

Produce all documents that you contend support your responses to interrogatory 1.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

Dated: July 20, 2005

CAMPBELL & LEVINE, LLC

Marla Rosoff Eskin (No. 2989)
800 N. King Street, Suite 300
Wilmington, DE 19801
Ph. (302) 426-1900
Fax. (302) 426-9947

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PSA, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION No. 04-389-KAJ |
| | ) | |
| Inter-World Communications, Inc., | ) | |
| Corpserve, S.A. de C.V., World Center | ) | |
| of Video Conferences, S.A. de C.V., | ) | |
| Dean Hollis Velazco, and John Remke, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION TO DEFENDANT DEAN HOLLIS VELAZCO

ETS Payphones, Inc., the successor-in-interest to plaintiff PSA, Inc. (the "Plaintiff"), serves these requests for admissions upon defendant Dean Hollis Velazco ("Hollis").

## DEFINITIONS

1.    "Communicate" or "communication" shall mean oral, written or any other exchange of words, thoughts or ideas to another person or entity, whether person to person, in a group, in a meeting, by telephone, by, without limitation, letter, telex, electronic mail (e-mail or instant messaging), letter, note, memorandum, interoffice correspondence, voicemail, telex, cable communicating data processor or facsimile or by any other process, electronic or otherwise.  All written communications shall include, without limitation, printed, typed, handwritten, or other readable documents as defined herein.

2.    "Document" or "documents" is used in its broadest sense and shall mean and include all written, printed, typed, recorded, or graphic data or matter of every kind and

description, both originals and copies, and all attachments and appendices thereto.  The terms "document" and "documents" shall include, without limitation, all agreements, contracts, communications, correspondence, letters, telegrams, telexes, messages, e-mail, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, diaries, diary entries, calendars, appointment books, visitor records, time records, instructions, work assignments, forecasts, statistical data, statistical statements, worksheets, work papers, drafts, graphs, maps, charts, tables, analytical records, consultants' reports, appraisals, notes, marginal notations, notebooks, statements, lists, recommendations, files, printouts, compilations, tabulations, confirmations, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, microfilm, microfiche, articles, speeches, tape or disk recordings, sound recordings, video recordings, film, tape, photographs, data compilations from which information can be obtained (including matter used in data processing) and any other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever reduced, prepared, reproduced, disseminated or made.

3.    "Electronic data" shall mean all information maintained by electronic data processing systems, including, but not limited to, computer programs, programming notes, or instructions, input and/or output used or produced by any software program or utility, electronic spreadsheets, databases including all records and fields and structural information, charts, graphs, outlines, operating systems, source code of all types, programming languages, any and all information stored on computer memories, hard disks, floppy disks, CD-ROM drives,

magnetic tape of all types, micro-fiche, computer chips, including but not limited to, EPROM, PROM, RAM, and ROM, or on or in any other vehicle for digital data storage and/or transmittal.

4.    "Identify" or "identity" when used in reference to an individual person means to state his full name, age, present address, telephone number, present or last known employer, fax number, and if such person was affiliated at any time with any defendant by employment or otherwise, state the nature (including job title, if any) and dates of such affiliation.  If any of the above information is not available, state any other reasonable means of identifying such person.

5.    "Identify" or "identity" when used in reference to any entity other than a natural person, means to state the full name and location or present or last known address of the principal place of business of the corporation, partnership, proprietorship, association or other entity.  If any of the above information is not available, state any other reasonable means of identifying such entity.

6.    "Identify" or "identity" when used in reference to a communication, means to state by whom and to whom such communication was made, the date and time of day it was made, the place at which it was made and the subject matter and substance thereof.

7.    "Identify" or "identity" when used in reference to a document means to state the date and author, type of document (e.g., letter, memorandum, e-mail, etc.) or some other means of identifying it, and its present location or custodian.  If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it.

8.    "Person" as used herein shall include natural persons, firms, associations, corporations, partnerships, or other entities, and whenever a request is made herein for the name of a person, it is the intention that the answer shall also state his or its address.

9.    "You" and "your" shall mean the Dean Hollis Velazco..

3

10.    Words and terms in the singular shall include the plural thereof, and all words of the masculine gender shall include the feminine gender thereof.

## INSTRUCTIONS

1.    In responding to these discovery requests, you shall furnish all information available to you at the time of your answers and shall supplement your answers in accordance with Federal Rule of Civil Procedure 26(e), made applicable herein by Federal Rules of Bankruptcy Procedure 7026(e).

2.    If you do not answer a discovery request, in whole or in part, because of a claim of privilege, set forth the privilege claimed; identify the facts upon which you rely to support the claim of privilege; and generally describe the information for which such privilege is claimed. In particular, if you refuse to identify a communication because of a claim of attorney-client privilege, identify: the speaker or author of the communication; the capacity in which the speaker or author was acting when he made the communication; the recipient of the communication; persons present when the communication was made or receiving any copy of the communication; and the subject or topics discussed in the communication.

3.    Along with the answer to each Interrogatory, identify each person who participated in drafting the answer to the Interrogatory or supplied information with respect to the preparation of the answer to such Interrogatory. If the response to any Interrogatory contains information supplied by more than one person, specify the particular information supplied by each such person.

4.    If you contend that documents answering any Interrogatory have previously been produced to ETS, identify the document, its present location (including storage facility and box number), the date it was produced, and the person to whom it was produced.

4

## REQUESTS FOR ADMISSIONS

**Request for Admission 1:**

Admit that you signed the document attached as Exhibit A.

**Request for Admission 2:**

Admit that you signed the document attached as Exhibit B.

**Request for Admission 3:**

Admit that Inter-World Communications, Inc. did not pay PSA, Inc. or its assigns $732,455 on December 31, 1998.

**Request for Admission 4:**

Admit that Inter-World Communications, Inc. did not pay PSA, Inc. or its assigns $732,455 at any time since December 31, 1998.

**Request for Admission 5:**

Admit that Inter-World Communications, Inc. did not pay PSA, Inc. or its assigns $400,000 on December 31, 1998.

**Request for Admission 6:**

Admit that Inter-World Communications, Inc. did not pay PSA, Inc. or its assigns $400,000 at any time since December 31, 1998.

**Request for Admission 7:**

Admit that the debt of Inter-World Communications, Inc. to PSA, Inc. and its assigns evidenced by Exhibit A is still outstanding as of the date of these requests.

**Request for Admission 8:**

Admit that the debt of Inter-World Communications, Inc. to PSA, Inc. and its assigns evidenced by Exhibit B is still outstanding as of the date of these requests.

WP3:1122726.1                                                                                          57484.1001

## INTERROGATORIES

**Interrogatory No. 1:**

If you denied any request for admission set forth in these requests, for each request denied:

  (a)  state in detail each and every basis for your denial;

  (b)  identify all persons having knowledge of the facts relevant to the request for admission that you denied and the basis for your denial;

  (c)  identify all documents that refer, reflect or relate to the reasons for your denial, whether or not stated in response to Interrogatory 1(a).

**Interrogatory No. 2:**

If you contend that you are not liable to the Plaintiff for the debt guaranteed under your signature and attached as Exhibit A, state in detail all reasons therefor, including all defenses, conditions precedent, and any other reasons why contend you are not liable.

**Interrogatory No. 3:**

Identify all persons with knowledge of facts Concerning your contentions in response to the preceding interrogatory.

**Interrogatory No. 4:**

If you contend that you are not liable to the Plaintiff for the debt guaranteed under your signature and attached as Exhibit B, state in detail all reasons therefor, including all defenses, conditions precedent, an any other reasons why contend you are not liable.

**Interrogatory No. 5:**

Identify all persons with knowledge of facts Concerning your contentions in response to the preceding interrogatory.

WP3:1122726.1                           57484.1001

**Interrogatory No. 6:**

If you contend that the debt evidenced by Exhibit A has been paid (by Inter-World Communications, Inc., you, or another person or entity), satisfied, or otherwise modified, state in detail all reasons therefor, including all defenses, conditions precedent, an any other reasons why contend you are not liable.

**Interrogatory No. 7:**

If you contend that the debt evidenced by Exhibit B has been paid (by Inter-World Communications, Inc., you, or another person or entity), satisfied, or otherwise modified, state in detail all reasons therefor, including all defenses, conditions precedent, an any other reasons why contend you are not liable.

**Interrogatory No. 8:**

State your calculation of all amounts owed to ETS by Inter-World Communications, Inc. under Exhibits A and B, including interest at the stated 10 percent rate, as of the date of your response, and state in detail the way you calculated these amounts.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

Produce all documents that you contend support your responses to interrogatories 2, 6, and 7.

**Request for Production No. 2:**

Produce all documents that you contend support your responses to interrogatory 1.

WP3:1122726.1                                                            57484.1001

This 20 th day of June, 2005.

Jonathan W. Jordan
King & Spalding LLP
191 Peachtree Street
Atlanta, Georgia 30303
Telephone:    (404) 572-4600
Facsimile:    (404) 572-5149

Brendan Linehan Shannon (No. 3136)
Sean M. Beach (Bar No. 4070)
Young Conaway Stargatt & Taylor, LLP
Brandywine Building
1000 N. West Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253

57484.1001

# EXHIBIT A

FROM : ................    PHONE NO. : 0115252093599    Nov. 13 1998 01:23AM P8
11/10/98  TUE 12:40 FAX 770 956 9911    Legends Communications    @002
11/10/98  TUE 11:58 FAX    B T B PAYPHONE    @001

## NOTE AND GUARANTEE

FOR VALUE RECEIVED, the borrower, shall pay to the order of PSA, Inc. (lender),

or its assigns, at 551 Thornton Road, Suite K, Lithia Springs, GA 30122 the total

amount of Seven Hundred Thirty-Two Thousand, Four Hundred and Fifty-five dollars

($732,455.00), including principal and interest at ten percent (10%) per year beginning

on December 1, 1998, in one payment, payable no later than December 31, 1998. The

borrower may prepay this loan without any early payment penalty.

Failure to make a payment when due shall be a default on the loan. The borrower

agrees to pay the holder of this note reasonable costs of collection including attorney

fees.

Date: _11/10/98_          Borrower: _____

INTER-WORLD COMMUNICARE, INC.

**GUARANTY**

FOR VALUABLE CONSIDERATION RECEIVED, the guarantor, Dean Hollis Velazco,

guarantees full payment of the above amount, and shall remain liable until the note is

fully satisfied and paid in full.

Date: _11/10/98_

Guarantor: _____     Address: _PUEBLA #237 COL. ROMA MEXICO DF._
DEAN HOLLIS                                    _06700_

IWC0381

# EXHIBIT B

FROM : ...................    PHONE NO. : 0115252093599    Nov. 13 1998 01:23AM P7

## NOTE AND GUARANTEE

**FOR VALUE RECEIVED**, the borrower, shall pay to the order of PSA, Inc. (lender), or its assigns, at 561 Thornton Road, Suite K, Lithia Springs, GA 30122 the total amount of Four Hundred Thousand dollars ($400,000), including principal and interest at ten percent (10%) per year beginning on December 1, 1998 in one payment, payable no later than December 31, 1998. The borrower may prepay this loan without any early payment penalty.

Failure to make a payment when due shall be a default on the loan. The borrower agrees to pay the holder of this note reasonable cost of collection including attorney fees.

October 20, 1998

Borrower:
By: Inter-World Communications, Inc.

By _____
        Dean Hollis Velazco, President

## GUARANTY

**FOR VALUABLE CONSIDERATION RECEIVED**, The guarantor, Dean Hollis Velazco, guarantees full payment of the above amount, and shall remain liable until the note is fully satisfied and paid in full.

October 20, 1998

Guarantor:
By: Dean Hollis Velazco

By _____
        Dean Hollis Velazco, Personally

IWC0380

# **EXHIBIT B**

## Beach, Sean

| | |
|---|---|
| **From:** | Marla R. Eskin [meskin@camlev.com] |
| **Sent:** | Tuesday, July 26, 2005 11:25 AM |
| **To:** | Jordan, Jon |
| **Cc:** | Beach, Sean |
| **Subject:** | RE: ETS/Mexico -- discovery requests |

I will not allow Mr. Hollis to answer those questions at his deposition.

-----Original Message-----
**From:** Jordan, Jon [mailto:JJordan@KSLAW.com]
**Sent:** Monday, July 25, 2005 5:57 PM
**To:** Marla R. Eskin
**Cc:** Beach, Sean
**Subject:** ETS/Mexico -- discovery requests

Marla:

I received Mr. Hollis's responses to ETS's discovery requests. Do you intend to let him answer those questions in his deposition? If not, I think it makes the most sense to postpone the deposition until we can get the Court to rule on the matter, so we avoid the expense of a trip to Delaware for Mr. Hollis and me. Conversely, if he will answer those same questions in his deposition, then it probably would make more sense to take the deposition and save everyone the cost of a motion to compel.

Please let me know Mr. Hollis's position at your convenience; I will be sending you a more formal letter in an attempt to resolve his objections without Court intervention in a day or two, but I thought it made the most sense to check with you first and see if the deposition would be fruitless absent a resolution of this matter.

Many thanks,
Jon

**Jonathan W. Jordan**
King & Spalding LLP
191 Peachtree Street
Atlanta, Georgia 30303-1763
tel. (404) 572-3568
fax (404) 572-5149
jjordan@kslaw.com

Confidentiality Notice
This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.