800 N. King Street
Suite 300
Wilmington, DE  19801
Telephone:  302-426-1900
Facsimile:  302-426-9947

**Marla Rosoff Eskin** • meskin@camlev.com

# Campbell & Levine, LLC

Attorneys at Law

August 18, 2005

The Honorable Kent A. Jordan
United States District Court
 for the District of Delaware
844 North King Street
Lock Box 10
Wilmington, DE  19801

**VIA HAND DELIVERY**

RE:  <u>PSA Inc. v. Dean Hollis Velazco, et al. – C.A. No. 04-0389 –KAJ</u>

Dear Judge Jordan:

A telephone conference was previously scheduled before Your Honor for August 23, 2005 at 2:00 p.m. to address a discovery issue raised by the Plaintiff.  Counsel has contacted your chambers and requested that an addition discovery dispute, relating to the location of a 30(b)(6) deposition, be addressed at that time.  The parties are still discussing the matter, and will notify the Court immediately if a resolution is reached.

On August 17, 2005, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants noticed the deposition of Plaintiff through the Person Most Knowledgeable ("PMK"), as designated by PSA.  The PMK deposition was noticed to be held on August 24, 2005 at the offices of Campbell & Levine in Wilmington, Delaware.  This dispute centers on the location of the deposition.  Defendants assert that the 30 (b)(6) deposition of the Person Most Knowledgeable should proceed in the forum where the lawsuit was filed, while the Plaintiff contends it should take place at its principle place of business.

As a general rule, unless there are compelling circumstances or extreme hardship, a Plaintiff should appear for a deposition in the forum where he chose to bring the action, even if he is a nonresident. *See,* <u>Orison v. Balcor Company</u>, 132 F.R.D. 202, 203 (N.D.Ill. 1990) (where the Court held that where the Plaintiffs chose the forum in which to pursue their cause of action, Plaintiffs are in no position to complain); <u>Clem v. Allied Van Lines Int'l Corp.</u>, 102 F.R.D. 938, 939-40 (S.D.N.Y. 1984) ("In addressing motions for protective orders pursuant to Rule 26(c), this Court has long enunciated the policy of requiring a non-resident plaintiff who chooses this district as his forum to appear for

{D0047698:1 }

deposition in this forum absent compelling circumstances."); Cobell v. Norton, 213 F.R.D. 43, 47 (D.D.C., 2003) (The Court held that without a showing of undue hardship, the Court cannot grant the plaintiffs' request to have a deposition in a district different from the one in which plaintiffs have filed suit.)

In the instant case, the Plaintiff chose Delaware as the forum for not only the instant proceeding, but the related bankruptcy and other adversary proceedings as well. In fact, earlier in the case the Plaintiff responded to the Defendants' Abstention Motion, by arguing that litigating in Delaware was more convenient for the parties. Plaintiff is hard pressed in this instance to provide compelling circumstances or demonstrate undue hardship that would preclude taking the PMK deposition in Wilmington, Delaware. Presumably throughout the course of Plaintiff's bankruptcy case and related proceedings its representatives would have made numerous trips to Delaware. If such trips would cause undue hardship, it defies logic that PSA would choose to undertake such proceedings in this forum. The Plaintiff would be hard pressed to assert that appearing for a deposition in this forum would cause an undue hardship.

The general rule is that a Plaintiff must appear in the forum in which it selected to bring its lawsuit. The Plaintiff chose this forum. For the reasons set forth herein, the Plaintiff should be compelled to appear for a deposition in the forum that it has chosen.

Very truly yours,

/S/ Marla Rosoff Eskin

Marla Rosoff Eskin

cc: Jonathan Jordon, Esq. (via regular mail and electronic mail)
    Sean Beach, Esq. (via hand-delivery and electronic mail)

{D0047698:1 }