# YOUNG CONAWAY STARGATT & TAYLOR, LLP

SEAN M. BEACH
DIRECT DIAL:  302-571-6621
DIRECT FAX:  571-576-3281
sbeach@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

August 18, 2005

**BY HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court
J. Caleb Boggs Federal Building
844 North King Street, Room 6325
Wilmington, DE  19801

> Re:  PSA, Inc. v. Inter-World Communications, Inc., Dean
> Hollis Velazco, et al., Civil Action No. 04-389-KAJ

Dear Judge Jordan:

The parties to this matter have reached an impasse over two basic objections to all of the plaintiff's outstanding discovery requests related to Count II of its lawsuit.  Because the defendant's objection to any and all discovery regarding two of the crucial contracts in this case poses an insurmountable roadblock to further progress, the plaintiff respectfully requests that the Court consider the defendant's objections at the scheduled August 23, 2005 teleconference, at 2:00 p.m. pursuant to section 3(e) of the Court's Scheduling Order.

## _Outline of the Discovery Dispute_

Plaintiff ETS Payphones, Inc. ("Plaintiff" or "ETS") has sued defendant Dean Hollis Velazco ("Defendant" or "Hollis") for, among other things, breach of a series of "contracts relating to the formation, funding and operation of a joint business venture involved in the Mexican pay telephone business."  See Exhibit A (Plaintiff's Original Complaint, ¶ 48).  Two of these contracts relating to the "funding" of the joint business venture were personal guarantees signed by defendant Hollis (the "Hollis Guarantees"), guaranteeing payments owed to the Plaintiff by co-defendant Inter-World Communications, Inc. ("IWCI").

When written discovery was served upon Hollis respecting the Hollis Guarantees, he refused to answer any of the discovery requests on the grounds that the Defendant believes the Plaintiff did not intend to include the Hollis Guarantees in its original complaint; ergo, the Hollis Guarantees are "not relevant" to the case.  See Exhibit B (Defendant's discovery responses).  Inconsistently, Hollis also attached the Hollis Guarantees to his own discovery requests to the Plaintiff, and requested discovery from the Plaintiff about a related contract.

Compounding his refusal to answer written discovery requests, Hollis has represented that he will also refuse to answer any deposition questions about the Hollis Guarantees, notwithstanding Federal Rule of Civil Procedure 30(d)(1), which prohibits instructions not to

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Kent A. Jordan
August 18, 2005
Page 2

answer unless necessary to preserve a privilege, to enforce a court-directed limitation on discovery, or to prevent bad-faith inquiries made to annoy, embarrass, or oppress the witness.

Finally, Hollis has refused to answer any and all discovery served by the Plaintiff on the specious grounds that plaintiff ETS Payphones, Inc. is not the Plaintiff.

### *The Defendant's Objections are Without Merit*

1. *The Hollis Guarantees are significant parts of the Plaintiff's breach of contract case.*

Questions about the Hollis Guarantees go to the heart of Count II of the Plaintiff's claims against Hollis. Paragraph 48 of the original complaint alleged that the Defendant for breached "contracts relating to the formation, funding and operation of a joint business venture involved in the Mexican pay telephone business." Hollis is not a formal party to any other contract in this case, so there is no mistaking which contracts the original complaint referred to – the Hollis Guarantees. Although the original complaint did not mention the Hollis Guarantees by name, the Hollis Guarantees clearly fall within the description in Paragraph 48, along with several other related contracts that (a) all were designed to implement the joint venture, (b) all were signed by Hollis in the same two-month period in late 1998, and (c) all involved obligations of affiliates of the Defendants and affiliates of the Plaintiff. The Defendant never moved for a more definite statement under Federal Rule of Civil Procedure 12(e).

Because not all contracts were specifically listed in the original complaint, as a housekeeping measure, the Plaintiff moved to amplify the complaint to list certain individual contracts signed around the time of the joint venture's formation, which included the Hollis Guarantees [D.I. 22] (the "Motion to Amend"). Hollis objected to the Motion to Amend, claiming that the Plaintiff must not have intended to include the Hollis Guarantees as part of the original complaint. The Plaintiff responded that the Hollis Guarantee, along with the other contracts specifically listed in the amended complaint, was always a part of its case; the Plaintiffs did not have to designate each and every contract under liberal federal notice pleading rules requiring only a short, plain statement of the Plaintiff's entitlement to relief. The Plaintiff also cited a large volume of case law from and within the Third Circuit underscoring the broad right to amend a complaint under Rule 15, particularly when the amendment merely amplifies claims raised more generally in the original complaint. *See, e.g., See, e.g., Arista Records, Inc. v. Flea World, Inc.*, 356 F.Supp. 2d 411, 419 (D. Del. 2005) (Simandle, J.) ("Typically a plaintiff will not be prejudiced, in this sense, by permitting a defendant to cure an insufficient defense or to amplify a defense that has been stated in the answer."); *Lake v. Caricement, V.I., Inc.,* 2003 WL 23218485 (D. V.I. Mar. 25, 2003) ("Allowing amendments which amplify existing pleadings furthers the objectives of the federal rules that cases should be determined on their merits."); *France Telecom S.A. v. Novell, Inc.,* 2002 WL 31355255 (D. Del. Oct. 17, 2002) (Sleet, J.) ("'The clearest cases for leave to amend are correction of an insufficient claim or defense and amplification of previously alleged claims or defenses.'"); *Pegasus Dev. Corp. v. Direct TV, Inc.,* 2002 WL 598457 (D. Del. April 18, 2002) (Sleet, J.) (same). The matter is pending before the Court, and forms the basis of Hollis' refusal to answer discovery.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
August 18, 2005
Page 3

Because the Plaintiff's requests go directly to the subject matter of the original complaint – "contracts relating to the formation, funding and operation of a joint business venture involved in the Mexican pay telephone business" – they are directly relevant to the Plaintiff's claims, and are proper means of discovery under Federal Rules 26(b)(1), 33, 34 and 36. The Defendant's objections should be overruled.

       2.       *The Defendant will not answer relevant deposition questions.*

To avoid the expense of a motion to compel and inconvenience to the Court and parties, the Plaintiff attempted to obtain the same discovery by taking Hollis' deposition, since Rule 30(d)(1) narrowly limits instructions not to answer deposition questions. To ensure that an attempted deposition would not be a waste of time and money, however, the Plaintiff's counsel requested some assurance that Hollis would answer in deposition the questions he refused to answer in writing. *See* Exhibit C (correspondence between counsel dated July 26, 2005). Hollis' reply was a short, blunt refusal to answer any such questions. *Id.* This refusal to answer is in direct violation of Rule 30(d)(1), which states: "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4) [pertaining to depositions conducted unreasonably as to annoy, embarrass, or oppress the deponent]." Fed. R. Civ. P. 30(d)(1).

       3.       *The Defendant improperly objects to <u>any</u> discovery from the Plaintiff.*

Finally, the Defendant asserts a sweeping objection to *all* discovery requests made by the Plaintiff on grounds that ETS, successor-in-interest to PSA, Inc. under a confirmed chapter 11 bankruptcy plan, is not a party to this action. *See* Exhibit B, at 2. As the Defendant is well aware, prior to December 5, 2002, the date its bankruptcy plan became effective, ETS was an affiliate of PSA, Inc. ("PSA"), the original plaintiff in this case. Both companies filed for chapter 11 protection in September of 2000, and their cases were jointly administered. The confirmed chapter 11 reorganization plan, which became effective after this lawsuit was filed, provided that all assets of PSA would be transferred to reorganized ETS, and the separate entities would be merged. Thus, ETS owns the causes of action against the defendants formerly owned by PSA. ETS is the correct plaintiff, because no other entity owns the claims formerly asserted by PSA and because the two companies were substantively consolidated in the bankruptcy plan. (The foregoing facts, with their underlying support, were laid out for the Defendant in the Plaintiff's reply brief regarding the Motion to Amend.)

For these reasons, the Plaintiff requests that the Court overrule the Defendant's objections to allow this case to proceed.

Respectfully submitted,

Sean M. Beach

SMB:js
cc:    The Honorable Mary Pat Thynge (by hand delivery)
      Marla Rosoff Eskin, Esq. (by hand delivery)

# EXHIBIT A

46.    Pursuant to sections 544, 548 and 550 of the Bankruptcy Code, Debtors are entitled to avoid the payments and recover $7 million.

### COUNT 3
### BREACH OF CONTRACT AGAINST IWCI, HOLLIS AND REMKE

47.    Debtors hereby incorporate paragraphs 1 through 34 above as if fully stated herein.

48.    Debtors and IWCI, Hollis and Remke entered into contracts relating to the formation, funding and operation of a joint business venture involved in the Mexican pay telephone business.

49.    The contracts obligated IWCI, Hollis and Remke to, *inter alia*, supply POA with 12,000 site agreements for pay telephone locations in Mexico, 133 Elcotel pay telephones, and a license from the Mexican telecommunications authority to operate a pay telephone business in Mexico.

50.    Neither IWCI, Hollis nor Remke supplied the items referenced in the preceding paragraph.

51.    The contracts also obligated IWCI, Hollis and Remke to help operate POA as a going business.

52.    Neither IWCI, Hollis nor Remke helped operate POA as a going business.

53.    Based upon but not limited to the above-described conduct, IWCI, Hollis and/or Remke breached their contracts.

54.    Debtors suffered damages, including lost profits, loss of initial investment, and fees and costs associated with this action as a result of the breaches by IWCI, Hollis and Remke in an amount of at least $9 million.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| PSA, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 04-389-KAJ |
| v. | ) | |
| | ) | |
| Inter-World Communications, Inc., | ) | |
| Corpserve, S.A. de C.V., World | ) | |
| Center of Video Conferences, S.A. | ) | |
| De C.V., Dean Hollis Velazco, and | ) | |
| John Remke, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT DEAN HOLLIS VELAZCO'S ANSWERS TO REQUEST FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION

**General Objections to Plaintiff's Request for Admissions, Interrogatories, and Requests for Production to Defendant Dean Hollis Velazco**

Defendant Dean Hollis Velazco ("Hollis") hereby submits the following answers in response to request for admissions, interrogatories, and requests for production. Hollis makes the responses herein without waiving but expressly reserving:

1.    All objections as to competency, relevancy, materiality, and admissibility as evidence for any purpose in any subsequent proceeding in, or the trial of, this or any other action;

2.    The right to object to the use of these responses, the subject matter thereof, and any documents produced in accordance therewith or the subject matter thereof in any subsequent proceeding in, or the trial of, this or any other action;

3.      The right to object on any appropriate ground at any time to a demand for further responses to these or any other discovery procedures involving or relating to the subject matter of any or all of these responses and any or all documents produced in accordance therewith;

4.      The right at any time to revise, correct, add to, supplement or clarify any of the responses contained herein;

5.      All objections as to privilege and work product;

6.      All objections to Plaintiffs' discovery requests to the extent they exceed the requirements of the Civil Rules; and

7.      Hollis objects to answering this discovery in its entirety, as it purports to be served by ETS Payphones, Inc., the successor-in-interest to plaintiff PSA, Inc. ("ETS"). ETS is not a party to this action, and therefore no responses are necessary. Without waiver of this objection, Hollis provides answers and objections as set forth below:

Subject to these General Objections, Hollis responds as follows:

## REQUESTS FOR ADMISSIONS

**Request for Admission 1:**

Admit that you signed the document attached as Exhibit A.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint.

**Request for Admission 2:**

Admit that you signed the document attached as Exhibit B.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint.

**Request for Admission 3:**

Admit that Inter-World Communications, Inc. did not pay PSA, Inc. or its assigns $732,455 on

December 31, 1998.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in

the pending complaint. Moreover, Inter-World Communications, Inc. has filed for bankruptcy

and as such is no longer a party to this action.

**Request for Admission 4:**

Admit that Inter-World Communications, Inc. did not pay PSA, Inc. or its assigns $732,455 at

any time since December 31, 1998.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in

the pending complaint. Moreover, Inter-World Communications, Inc. has filed for bankruptcy

and as such is no longer a party to this action.

**Request for Admission 5:**

Admit that Inter-World Communications, Inc. did not pay PSA, Inc. or its assigns $400,000 on

December 31, 1998.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in

the pending complaint. Moreover, Inter-World Communications, Inc. has filed for bankruptcy

and as such is no longer a party to this action.

**Request for Admission 6:**

Admit that Inter-World Communications, Inc. did not pay PSA, Inc. or its assigns $400,000 at
any time since December 31, 1998.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in

the pending complaint. Moreover, Inter-World Communications, Inc. has filed for bankruptcy

and as such is no longer a party to this action.

**Request for Admission 7:**

Admit that the debt of Inter-World Communications, Inc. to PSA, Inc. and its assigns evidenced by Exhibit A is still outstanding as of the date of these requests.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint. Moreover, Inter-World Communications, Inc. has filed for bankruptcy and as such is no longer a party to this action.

**Request for Admission 8:**

Admit that the debt of Inter-World Communications, Inc. to PSA, Inc. and its assigns evidenced by Exhibit B is still outstanding as of the date of these requests.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint. Moreover, Inter-World Communications, Inc. has filed for bankruptcy and as such is no longer a party to this action.

## INTERROGATORIES

**Interrogatory No. 1:**

If you denied any request for admission set forth in these requests, for each request denied:

     (a)  state in detail each and every basis for your denial;

     (b)  identify all persons having knowledge of the facts relevant to the request for admission that you denied and the basis for your denial;

     (c)  identify all documents that refer, reflect or relate to the reasons for your denial, whether or not stated in response to Interrogatory 1(a).

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

**Interrogatory No. 2:**

If you contend that you are not liable to the Plaintiff for the debt guaranteed under your signature and attached as Exhibit A, state in detail all reasons therefore, including all defenses, conditions precedent, and any other reasons why contend you are not liable.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

**Interrogatory No. 3:**

Identify all persons with knowledge of facts concerning your contentions in response to the preceding interrogatory.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

**Interrogatory No. 4:**

If you contend that you are not liable to the Plaintiff for the debt guaranteed under your signature and attached as Exhibit B, state in detail all reasons therefore, including all defenses, conditions precedent, an any other reasons why contend you are not liable.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

**Interrogatory No. 5:**

Identify all persons with knowledge of facts concerning your contentions in response to the preceding interrogatory.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

**Interrogatory No. 6:**

If you contend that the debt evidenced by Exhibit A has been paid (by Inter-World Communications, Inc., you, or another person or entity), satisfied, or otherwise modified, state in detail all reasons therefore, including all defenses, conditions precedent, and any other reasons why contend you are not liable.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

**Interrogatory No. 7:**

If you contend that the debt evidenced by Exhibit B has been paid (by Inter-World Communications, Inc., you, or another person or entity), satisfied, or otherwise modified, state in detail all reasons therefore, including all defenses, conditions precedent, and any other reasons why contend you are not liable.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

**Interrogatory No. 8:**

State your calculation of all amounts owed to ETS by Inter-World Communications, Inc. under Exhibits A and B, including interest at the stated 10 percent rate, as of the date of your response, and state in detail the way you calculated these amounts.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

Produce all documents that you contend support your responses to interrogatories 2, 6, and 7.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

**Request for Production No. 2:**

Produce all documents that you contend support your responses to interrogatory 1.

**Answer:** Objection as to relevancy. This matter is not related to any cause of action alleged in the pending complaint and as such is not relevant, nor will it lead to relevant evidence relating to the present action.

Dated: July 20, 2005                    CAMPBELL & LEVINE, LLC

Marla Rosoff Eskin (No. 2989)
800 N. King Street, Suite 300
Wilmington, DE 19801
Ph. (302) 426-1900
Fax. (302) 426-9947

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| PSA, Inc. )<br><br>Plaintiff, )<br><br>v. )<br><br>Inter-World Communications, Inc., )<br>Corpserve, S.A. de C.V., World Center )<br>of Video Conferences, S.A. de C.V., )<br>Dean Hollis Velazco, and John Remke, )<br><br>Defendants. ) | CIVIL ACTION No. 04-389-KAJ |

### PLAINTIFF'S REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION TO DEFENDANT DEAN HOLLIS VELAZCO

ETS Payphones, Inc., the successor-in-interest to plaintiff PSA, Inc. (the "Plaintiff"), serves these requests for admissions upon defendant Dean Hollis Velazco ("Hollis").

### DEFINITIONS

1.    "Communicate" or "communication" shall mean oral, written or any other exchange of words, thoughts or ideas to another person or entity, whether person to person, in a group, in a meeting, by telephone, by, without limitation, letter, telex, electronic mail (e-mail or instant messaging), letter, note, memorandum, interoffice correspondence, voicemail, telex, cable communicating data processor or facsimile or by any other process, electronic or otherwise. All written communications shall include, without limitation, printed, typed, handwritten, or other readable documents as defined herein.

2.    "Document" or "documents" is used in its broadest sense and shall mean and include all written, printed, typed, recorded, or graphic data or matter of every kind and

description, both originals and copies, and all attachments and appendices thereto. The terms "document" and "documents" shall include, without limitation, all agreements, contracts, communications, correspondence, letters, telegrams, telexes, messages, e-mail, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, diaries, diary entries, calendars, appointment books, visitor records, time records, instructions, work assignments, forecasts, statistical data, statistical statements, worksheets, work papers, drafts, graphs, maps, charts, tables, analytical records, consultants' reports, appraisals, notes, marginal notations, notebooks, statements, lists, recommendations, files, printouts, compilations, tabulations, confirmations, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, microfilm, microfiche, articles, speeches, tape or disk recordings, sound recordings, video recordings, film, tape, photographs, data compilations from which information can be obtained (including matter used in data processing) and any other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever reduced, prepared, reproduced, disseminated or made.

　　　　3.　　"Electronic data" shall mean all information maintained by electronic data processing systems, including, but not limited to, computer programs, programming notes, or instructions, input and/or output used or produced by any software program or utility, electronic spreadsheets, databases including all records and fields and structural information, charts, graphs, outlines, operating systems, source code of all types, programming languages, any and all information stored on computer memories, hard disks, floppy disks, CD-ROM drives,

2

magnetic tape of all types, micro-fiche, computer chips, including but not limited to, EPROM, PROM, RAM, and ROM, or on or in any other vehicle for digital data storage and/or transmittal.

4.    "Identify" or "identity" when used in reference to an individual person means to state his full name, age, present address, telephone number, present or last known employer, fax number, and if such person was affiliated at any time with any defendant by employment or otherwise, state the nature (including job title, if any) and dates of such affiliation. If any of the above information is not available, state any other reasonable means of identifying such person.

5.    "Identify" or "identity" when used in reference to any entity other than a natural person, means to state the full name and location or present or last known address of the principal place of business of the corporation, partnership, proprietorship, association or other entity. If any of the above information is not available, state any other reasonable means of identifying such entity.

6.    "Identify" or "identity" when used in reference to a communication, means to state by whom and to whom such communication was made, the date and time of day it was made, the place at which it was made and the subject matter and substance thereof.

7.    "Identify" or "identity" when used in reference to a document means to state the date and author, type of document (e.g., letter, memorandum, e-mail, etc.) or some other means of identifying it, and its present location or custodian. If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it.

8.    "Person" as used herein shall include natural persons, firms, associations, corporations, partnerships, or other entities, and whenever a request is made herein for the name of a person, it is the intention that the answer shall also state his or its address.

9.    "You" and "your" shall mean the Dean Hollis Velazco..

3

10.     Words and terms in the singular shall include the plural thereof, and all words of the masculine gender shall include the feminine gender thereof.

## INSTRUCTIONS

1.     In responding to these discovery requests, you shall furnish all information available to you at the time of your answers and shall supplement your answers in accordance with Federal Rule of Civil Procedure 26(e), made applicable herein by Federal Rules of Bankruptcy Procedure 7026(e).

2.     If you do not answer a discovery request, in whole or in part, because of a claim of privilege, set forth the privilege claimed; identify the facts upon which you rely to support the claim of privilege; and generally describe the information for which such privilege is claimed. In particular, if you refuse to identify a communication because of a claim of attorney-client privilege, identify: the speaker or author of the communication; the capacity in which the speaker or author was acting when he made the communication; the recipient of the communication; persons present when the communication was made or receiving any copy of the communication; and the subject or topics discussed in the communication.

3.     Along with the answer to each Interrogatory, identify each person who participated in drafting the answer to the Interrogatory or supplied information with respect to the preparation of the answer to such Interrogatory. If the response to any Interrogatory contains information supplied by more than one person, specify the particular information supplied by each such person.

4.     If you contend that documents answering any Interrogatory have previously been produced to ETS, identify the document, its present location (including storage facility and box number), the date it was produced, and the person to whom it was produced.

4

## REQUESTS FOR ADMISSIONS

**Request for Admission 1:**

Admit that you signed the document attached as Exhibit A.

**Request for Admission 2:**

Admit that you signed the document attached as Exhibit B.

**Request for Admission 3:**

Admit that Inter-World Communications, Inc. did not pay PSA, Inc. or its assigns $732,455 on December 31, 1998.

**Request for Admission 4:**

Admit that Inter-World Communications, Inc. did not pay PSA, Inc. or its assigns $732,455 at any time since December 31, 1998.

**Request for Admission 5:**

Admit that Inter-World Communications, Inc. did not pay PSA, Inc. or its assigns $400,000 on December 31, 1998.

**Request for Admission 6:**

Admit that Inter-World Communications, Inc. did not pay PSA, Inc. or its assigns $400,000 at any time since December 31, 1998.

**Request for Admission 7:**

Admit that the debt of Inter-World Communications, Inc. to PSA, Inc. and its assigns evidenced by Exhibit A is still outstanding as of the date of these requests.

**Request for Admission 8:**

Admit that the debt of Inter-World Communications, Inc. to PSA, Inc. and its assigns evidenced by Exhibit B is still outstanding as of the date of these requests.

5

## INTERROGATORIES

**Interrogatory No. 1:**

If you denied any request for admission set forth in these requests, for each request denied:

     (a)     state in detail each and every basis for your denial;

     (b)     identify all persons having knowledge of the facts relevant to the request for admission that you denied and the basis for your denial;

     (c)     identify all documents that refer, reflect or relate to the reasons for your denial, whether or not stated in response to Interrogatory 1(a).

**Interrogatory No. 2:**

If you contend that you are not liable to the Plaintiff for the debt guaranteed under your signature and attached as Exhibit A, state in detail all reasons therefor, including all defenses, conditions precedent, and any other reasons why contend you are not liable.

**Interrogatory No. 3:**

Identify all persons with knowledge of facts Concerning your contentions in response to the preceding interrogatory.

**Interrogatory No. 4:**

If you contend that you are not liable to the Plaintiff for the debt guaranteed under your signature and attached as Exhibit B, state in detail all reasons therefor, including all defenses, conditions precedent, an any other reasons why contend you are not liable.

**Interrogatory No. 5:**

Identify all persons with knowledge of facts Concerning your contentions in response to the preceding interrogatory.

6

               

**Interrogatory No. 6:**

If you contend that the debt evidenced by Exhibit A has been paid (by Inter-World Communications, Inc., you, or another person or entity), satisfied, or otherwise modified, state in detail all reasons therefor, including all defenses, conditions precedent, an any other reasons why contend you are not liable.

**Interrogatory No. 7:**

If you contend that the debt evidenced by Exhibit B has been paid (by Inter-World Communications, Inc., you, or another person or entity), satisfied, or otherwise modified, state in detail all reasons therefor, including all defenses, conditions precedent, an any other reasons why contend you are not liable.

**Interrogatory No. 8:**

State your calculation of all amounts owed to ETS by Inter-World Communications, Inc. under Exhibits A and B, including interest at the stated 10 percent rate, as of the date of your response, and state in detail the way you calculated these amounts.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

Produce all documents that you contend support your responses to interrogatories 2, 6, and 7.

**Request for Production No. 2:**

Produce all documents that you contend support your responses to interrogatory 1.

WP3:1122726.1                                                                                           57484.1001

This 20 th day of June, 2005.

> Jonathan W. Jordan
> King & Spalding LLP
> 191 Peachtree Street
> Atlanta, Georgia 30303
> Telephone:    (404) 572-4600
> Facsimile:    (404) 572-5149
>
>
> Brendan Linehan Shannon (No. 3136)
> Sean M. Beach (Bar No. 4070)
> Young Conaway Stargatt & Taylor, LLP
> Brandywine Building
> 1000 N. West Street
> Wilmington, Delaware 19801
> Telephone:    (302) 571-6600
> Facsimile:    (302) 571-1253

WP3:1122726.1                                                        57484.1001

# EXHIBIT A

FROM : .................    PHONE NO. : 0115252093599    Nov. 13 1998 01:23AM P8
11/10/98  TUE 12:40 FAX 770 936 9933    Legends Communications    002
11/10/98  TUE 11:38 FAX    E T S PAYPHONE    001

## NOTE AND GUARANTEE

FOR VALUE RECEIVED, the borrower, shall pay to the order of PSA, Inc. (lender), or its assigns, at 561 Thornton Road, Suite K, Lithia Springs, GA 30122 the total amount of Seven Hundred Thirty-Two Thousand, Four Hundred and Fifty-five dollars ($732,455.00), including principal and interest at ten percent (10%) per year beginning on December 1, 1998, in one payment, payable no later than December 31, 1998. The borrower may prepay this loan without any early payment penalty.

Failure to make a payment when due shall be a default on the loan. The borrower agrees to pay the holder of this note reasonable costs of collection including attorney fees.

Date: __11/10/98__                Borrower: _____

                                  INTER-WORLD COMMUNICARE, INC.

## GUARANTY

FOR VALUABLE CONSIDERATION RECEIVED, the guarantor, Dean Hollis Velazco, guarantees full payment of the above amount, and shall remain liable until the note is fully satisfied and paid in full.

Date: __11/10/98__

Guarantor: _____    Address: PUEBLA #237 COL. ROMA MEXICO DF.
          DEAN HOLLIS                       06700

IWC0381

# EXHIBIT B

## NOTE AND GUARANTEE

FOR VALUE RECEIVED, the borrower, shall pay to the order of PSA, Inc. (lender), or its assigns, at 561 Thornton Road, Suite K, Lithia Springs, GA 30122 the total amount of Four Hundred Thousand dollars ($400,000), including principal and interest at ten percent (10%) per year beginning on December 1, 1998 in one payment, payable no later than December 31, 1998. The borrower may prepay this loan without any early payment penalty.

Failure to make a payment when due shall be a default on the loan. The borrower agrees to pay the holder of this note reasonable cost of collection including attorney fees.

October 20, 1998

Borrower:
By: Inter-World Communications, Inc.

By _____
        Dean Hollis Velazco, President

## GUARANTY

FOR VALUABLE CONSIDERATION RECEIVED, The guarantor, Dean Hollis Velazco, guarantees full payment of the above amount, and shall remain liable until the note is fully satisfied and paid in full.

October 20, 1998

Guarantor:
By: Dean Hollis Velazco

By _____
        Dean Hollis Velazco, Personally

IWC0380

EXHIBIT C

ETS/Mexico -- discovery requests

## Beach, Sean

| | |
|---|---|
| **From:** | Marla R. Eskin [meskin@camlev.com] |
| **Sent:** | Tuesday, July 26, 2005 11:25 AM |
| **To:** | Jordan, Jon |
| **Cc:** | Beach, Sean |
| **Subject:** | RE: ETS/Mexico -- discovery requests |

I will not allow Mr. Hollis to answer those questions at his deposition.

-----Original Message-----
**From:** Jordan, Jon [mailto:JJordan@KSLAW.com]
**Sent:** Monday, July 25, 2005 5:57 PM
**To:** Marla R. Eskin
**Cc:** Beach, Sean
**Subject:** ETS/Mexico -- discovery requests

Marla:

I received Mr. Hollis's responses to ETS's discovery requests. Do you intend to let him answer those questions in his deposition? If not, I think it makes the most sense to postpone the deposition until we can get the Court to rule on the matter, so we avoid the expense of a trip to Delaware for Mr. Hollis and me. Conversely, if he will answer those same questions in his deposition, then it probably would make more sense to take the deposition and save everyone the cost of a motion to compel.

Please let me know Mr. Hollis's position at your convenience; I will be sending you a more formal letter in an attempt to resolve his objections without Court intervention in a day or two, but I thought it made the most sense to check with you first and see if the deposition would be fruitless absent a resolution of this matter.

Many thanks,
Jon

**Jonathan W. Jordan**
King & Spalding LLP
191 Peachtree Street
Atlanta, Georgia 30303-1763
tel. (404) 572-3568
fax (404) 572-5149
*jjordan@kslaw.com*

Confidentiality Notice
This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.