800 N. King Street
Suite 300
Wilmington, DE 19801
Telephone: 302-426-1900
Facsimile: 302-426-9947

Marla Rosoff Eskin • meskin@camlev.com

# Campbell & Levine, LLC

Attorneys at Law

August 19, 2005

The Honorable Kent A. Jordan
United States District Court
 for the District of Delaware
844 North King Street
Lock Box 10
Wilmington, DE 19801

**VIA HAND DELIVERY**

RE:  <u>PSA, Inc. v. Dean Hollis Velazco, et al. – C.A. No. 04-0389 –KAJ</u>

Dear Judge Jordan:

This letter is in response to PSA's August 18, 2005 letter to Your Honor regarding a discovery dispute. A telephone conference has been scheduled with Your Honor for August 23, 2005 at 2:00 p.m.

PSA has propounded discovery, which is wholly unrelated to the action that has been filed. PSA filed a lawsuit in 2002 asserting, among other causes of action, a breach of contract related to one agreement. This agreement is entitled Limited Liability Company Agreement of Pay Phones of the Americas, L.L.C. ("POA agreement"). The only contract attached to the complaint was the POA agreement. The only reference in the complaint to any specific contract is a reference to the POA agreement. PSA did not describe any other contract in the complaint for which a breach was claimed. However, the discovery directed to Defendants relates only to guarantees signed by Defendant Dean Hollis, contracts not attached to or described in the complaint. Although PSA states that Defendants did not respond to the discovery as ETS is not the Plaintiff, that is not the basis. As set forth herein, the objections to discovery are based upon the argument that the guarantees, the only contracts for which discovery was sought, are not a part of this action.

Although PSA did not put the Defendants on notice that PSA was asserting a claim based upon the guarantees, PSA now claims that it did so, and seeks discovery related to the guarantees.[1] The fact that now, three years after this complaint was filed, PSA files a Motion to Amend Complaint seeking to add various other contracts to the complaint further supports Defendants' position that PSA did not put the Defendants on notice that it was making a claim under any

---

[1] PSA infers somehow that because Defendants did not move for a more definite statement, it helps their case. Defendants did not move for a more definite statement as there was no reason to do so: the complaint was clear that the only contract at issue was the POA agreement.

contract other then the POA agreement.[2] Defendants object to the Motion to Amend Complaint on several grounds and assert that unless the Motion to Amend is granted over such objections, responses to this discovery are not necessary.[3]

The Defendants assert that the discovery should not be answered, as the information is completely unrelated to the causes of action in the complaint, and there was no notice of a cause of action relating to the guarantees, which it now appears PSA is pursuing. Moreover, Defendants assert that the Motion to Amend should not be granted, as the statute of limitations has expired for any claims related to these contracts.

PSA failed to plead a cause of action for breach of contract related to the guarantees, as well as the other contracts listed in the proposed amended complaint. Federal Rule of Civil Procedure 8(a) permits a plaintiff to assert the existence of an express, written contract either by setting if forth verbatim in the complaint, or the plaintiff may attach a copy as an exhibit, or plead it according to its legal effect. *See*, *Pierce v. Montgomery County Opportunity Board, Inc.*, 884 F. Supp. 965, 970 (E.D. Pa. 1995); *Wilkes v. State Farm*, 2005 WL 1667396 (M.D. Pa. 2005) (the Court stated that it was not necessary to attach the contract, but at minimum, it is necessary to recite those provisions of the contract which are alleged to be breached by Defendant); *Timmons v. City of Hartford*, 283 F.Supp 2d. 712, 718-19 (D. Conn., 2003) (Plaintiffs' breach of contract claim was dismissed where Plaintiffs failed to specify any provision of any written contract or agreement upon which liability was predicated. The court held the Plaintiffs' "vague allegation [fell] well short of alleging the provisions of the written agreement upon which the claim of breach is based."). PSA failed to attach the guarantees to the complaint, set forth verbatim the contract language, or plead their legal effect. Not only is there no way to have gleaned from the complaint that PSA was seeking damages related to the guarantees, but there is no assertion as to what those damages might be.

It is simply too late to attempt to bring these other contracts into this lawsuit, as the statute of limitations has expired for all of these causes of action. While PSA asserts that the additional contracts listed in the proposed amended complaint were always intended to be part of the complaint, and they are just clarifying matters, this is not true. The portion of the complaint the Plaintiff claims to be merely "amplifying" reads: "Debtors and IWCI, Hollis and Remke entered into contracts relating to the formation, funding and operation of a joint venture involved in the Mexican pay telephone business." Certainly, this paragraph does not provide notice that the Plaintiff is seeking damages against Mr. Hollis relating to the guarantees. A complete review of the complaint, attached to PSA's letter as Exhibit A, demonstrates that there is absolutely nothing in the complaint that would put a party on notice that PSA intended to pursue damages against Mr. Hollis for the guarantees.

As this discovery dispute relates directly to the Plaintiff's Motion to Amend Complaint, and the amendment to the complaint would alter this litigation significantly, counsel for

---

[2] The proposed Amended Complaint does not attach these contracts and does not describe these contracts.
[3] However, even if PSA is permitted to amend the complaint, the proposed amended complaint is so deficient, and does not meet the requirements of the Federal Rules of Civil Procedure, that these interrogatories are still objectionable.

Defendants request that oral argument be permitted relating to the Motion to Amend. Moreover, as it only became clear after the Plaintiff filed discovery requests that what the Plaintiff is really trying to do is proceed against Mr. Hollis relating to the guarantees, Defendants request that they be permitted to file a supplement the Opposition to the Motion to Amend.

While not necessarily relevant to the resolution of this discovery dispute, I believe it is prudent to respond to Plaintiff's assertion that defense counsel violated the Federal Rules by not allowing Mr. Hollis to answer questions at a deposition. As Mr. Hollis was never deposed, this is not true. Counsel for Defendants let it be known that it would not allow Mr. Hollis to answer questions related to the guarantees, which are not part of this lawsuit. Had Plaintiff filed a Notice of Deposition, a Motion for Protective Order would have been filed. Thus, there has been no violation of the Federal Rules.

PSA seeks the costs for bringing this discovery dispute to the Court's attention. As this response makes clear, there are certainly legitimate reasons to object to PSA's discovery. As such, Defendants assert that the request for costs must be denied.

    Very truly yours,

    /S/ Marla Rosoff Eskin

    Marla Rosoff Eskin

cc: Jonathan Jordon, Esq. (via regular mail and electronic mail)
    Sean Beach, Esq. (via hand-delivery and electronic mail)

{D0047468:1 }