# YOUNG CONAWAY STARGATT & TAYLOR, LLP

| | | |
|---|---|---|
| SEAN M. BEACH<br>DIRECT DIAL: 302-571-6621<br>DIRECT FAX: 571-576-3281<br>sbeach@ycst.com | THE BRANDYWINE BUILDING<br>1000 WEST STREET, 17TH FLOOR<br>WILMINGTON, DELAWARE 19801<br><br>P.O. BOX 391<br>WILMINGTON, DELAWARE 19899-0391 | (302) 571-6600<br>(302) 571-1253 FAX<br>(800) 253-2234 (DE ONLY)<br>www.youngconaway.com |

August 21, 2005

**BY HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court
J. Caleb Boggs Federal Building
844 North King Street, Room 6325
Wilmington, DE 19801

Re:   PSA, Inc. v. Inter-World Communications, Inc., Dean
       Hollis Velazco, et al., Civil Action No. 04-389-KAJ

Dear Judge Jordan:

This letter is the reply of plaintiff ETS Payphones, Inc., to the letter from counsel for defendants Dean Hollis Velazco and Inter-World Communications, Inc. concerning the location of a noticed 30(b)(6) deposition of a corporate representative of the plaintiff, in which the plaintiff wishes to have the deposition taken at or near its corporate offices outside Atlanta, Georgia, while the defendant demands that the deposition take place in Wilmington. The plaintiff responds as follows:

1.   *Taking the deposition in Wilmington imposes a significant hardship on the plaintiff because the deposition notice includes a voluminous document request.* The deposition notice requests that the plaintiff bring to the deposition hundreds if not thousands of pages of documents relating to the funding, legal structure, and operations of the joint venture at the heart of this lawsuit. It also requests electronic files of documents which, if they exist, would be maintained on the plaintiff's computers located outside Atlanta, Georgia. It is infeasible, and makes little sense, to require the plaintiff to pack up thousands of pages of documents and ship them to Wilmington, merely for the convenience of the defendants' counsel. Moreover, the plaintiff is entitled to produce requested documents as they are kept in the ordinary course of the its business, at its offices outside Atlanta, and is not required to ship them to defense counsel's offices for review. *See* Fed. R. Civ. P. 34(b) ("A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories of the request.").

The defendant is certainly entitled to inspect and/or copy properly requested documents, and the plaintiff will continue to respect this right. If the defendant wishes to copy all documents *en masse* at his expense and have them shipped to Wilmington, the plaintiff will help facilitate this. But the defendant is not entitled to force the plaintiff to fly voluminous documents up to its counsel's offices through the mechanism of a six-day deposition notice, or even a request for

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
August 21, 2005
Page 2

production. The Federal Rules simply do not require this. *See* Fed. R. Civ. P. 34(b). If the defendant wishes to review the documents requested in the deposition notice, the deposition should go forward in Atlanta.

 2.   *Under case law from within the Third Circuit, 30(b)(6) depositions normally should take place at the location of the organization's principal place of business.* See County Council of Northampton Co. v. SHL Systemhouse Corp., 1999 WL 269918 (E.D. Pa. Apr. 20, 1999) (citing 8A Wright & Miller, *Federal Practice and Procedure* § 2112 at 81 (1994) ("The deposition of a corporate agent or officer should ordinarily be held at the principal place of business."); *Generale Bank Nederland, N.V. v. First Sterling Bank,* 1997 WL 778861 (E.D. Pa. 1997) ("The general rule, however, is that the deposition of a corporate officer or agent should be taken at the corporation's place of business."). The great weight of authority from outside the Third Circuit points to a similar conclusion. Although these cases are generally in the context of defendants' depositions, the opinions offer no "bifurcated general rule" or other reason to depart from the general rule where a plaintiff 30(b)(6) witness is deposed. *See, e.g., Thomas v. Int'l Bus. Machines, Inc.,* 48 F.3d 478, 483 (10th Cir. 1995); *Dwelly v. Yamaha Motor Corp.,* 214 F.R.D. 537, 541 (D.Minn. 2003); *Custom Form Mfg. v. Omron Corp.,* 196 F.R.D. 333, 336 (N.D. Ind. 2000).

 Cases suggesting that the deposition of a plaintiff corporation should go forward in the place where the plaintiff "chose to bring the action" lose their force when one considers that this case, originally filed as a bankruptcy adversary proceeding and alleging violations of the Bankruptcy Code, was brought in the only venue in which it could reasonably be brought – the United States Bankruptcy Court for the District of Delaware, the site of the plaintiff's previously-filed chapter 11 case. *See* 28 U.S.C. § 1334(b) (granting district courts original jurisdiction over all civil proceedings "arising under" title 11). All original defendants except one were domiciled in Mexico at the time the case was first filed, so personal jurisdiction anywhere else in the United States was questionable as to those defendants, while the only U.S.-based defendant (Inter-World Communications, Inc.) was insolvent. Additionally, this case raised claims that arise from the Bankruptcy Code, 11 U.S.C. §§101-1330, making the bankruptcy court the only logical place to file. Thus, it is an overstatement to imply that the plaintiff had any real choice as to where to file its bankruptcy adversary proceeding, which was withdrawn to this Court at the insistence of the defendants. Moreover, the cases cited by the defendants do not account for the impracticality of combining a 30(b)(6) deposition with a request for large numbers of documents.

 3.   *Reciprocity and fairness suggests that the deposition should be taken in Atlanta.* While defendant Dean Hollis now lives in San Antonio, Texas, the plaintiff offered to take Mr. Hollis' deposition at any place convenient for him. The defendant chose Wilmington. The plaintiff believes that fairness dictates that it should have a reciprocal right to take its corporate representative deposition at or near its corporate offices, in a location closer to its documents, lead counsel, and offices.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
August 21, 2005
Page 3

      For these reasons, the Plaintiff requests that the Court overrule the defendants' request.

      Respectfully submitted,

*/s/ Sean M. Beach*

Sean M. Beach

SMB:js
cc:    The Honorable Mary Pat Thynge (by hand delivery)
       Marla Rosoff Eskin, Esq. (by hand delivery)