IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PSA, Inc. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-389-KAJ |
| | : | |
| Dean Hollis Velazco, et al. | : | |
| | : | |
| Defendant. | : | |

## ANSWER OF DEAN HOLLIS VELAZCO AND CORPSERVE, S.A. de CV
## TO AMENDED COMPLAINT

Dean Hollis Velazco ("Hollis") and Corpserve, S.A. de C.V. ("Corpserve") together the "Answering Defendants," by and through their undersigned counsel, file their Answer to Plaintiffs' Amended Complaint (the "Amended Complaint"), and state as follows:

### PRELIMINARY STATEMENT

1.  The averments contained in paragraph 1 of the Amended Complaint are conclusions of law to which no response is required.

### THE PARTIES

2.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of fact set forth in this paragraph of the Complaint; therefore these averments are denied.

3.  Denied.

4.  Admitted.

5.  Denied.

6.  Denied.

{D0048051:1 }

7. Admitted only that Hollis is an officer and/or director of Corpserve. Denied as to the remainder of the averment.

8. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of fact set forth in this paragraph of the Amended complaint; therefore these averments are denied.

9. Denied.

**JURISDICTION AND VENUE**

10. Admitted that some of the Debtors filed petitions under chapter 11 of the Bankruptcy Code on September 11, 2000. The remaining allegations in the paragraph are denied.

11. Denied.

12. Denied.

**FACTUAL BACKGROUND**

13. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of fact set forth in this paragraph of the Amended complaint; therefore the allegations contained in this paragraph are denied.

14. Denied.

15. Admitted that IWCI owned an interest in Corpserve. The remainder of the averments in this paragraph are denied.

16. Admitted that IWCI owned an interest in WCVC. The remainder of the averments in this paragraph are denied.

17. Admitted only that certain Defendants negotiated some agreements. Denied as to the remainder of the averment.

{D0048051:1 }

18. A joint venture was created by a written agreement, which speaks for itself, and all conclusions which are inconsistent with the express terms set forth therein are denied.

19. The allegations contained in this paragraph are legal conclusions to which no responsive pleading is required. To the extent and answer is required, this averment is denied.

20. Defendant is without sufficient information to admit or deny this averment.

21. Admitted.

22. The documents speak for themselves. To the extent a responsive pleading is required, and the allegations differ from the contents of the documents, the allegations are denied.

23. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of fact set forth in this paragraph of the Amended complaint.

24. Denied.

25. Denied.

26. Admitted in part, denied in part. It is admitted that in exchange for certain payments the Debtors were to receive 12,000 site agreements. The remainder of the averment is denied.

27. Denied.

28. Denied.

29. Denied that the Answering Defendants were to deliver and/or cause WCVC and Corpserve to deliver directly to Debtors 12,000 additional site agreements for pay telephone locations in Mexico.

30. Denied.

31. Denied.

32. Admitted in part and denied in part. It is admitted that a Mexican telecommunications business license was not delivered to POA. Any implication that the Answering Defendants were required to deliver a license to POA is denied.

33. Denied.

34. Denied.

## COUNT 1
## TURNOVER OF PROPERTY OF THE ESTATES

35. Answering Defendants incorporate herein by reference the responses contained in paragraphs 1 through 34 above, as if more fully set forth herein.

36. Denied.

37. The allegations contained in this paragraph are legal conclusions to which no responsive pleading is required. To the extent this Court requires a response to the allegations contained in this paragraph, they are denied.

38. Denied.

39. Denied.

40. Denied.

## COUNT 2
## RECOVERY OF FRAUDULENT CONVEYANCE AGAINST ALL DEFENDANTS

41. Answering Defendants incorporate herein by reference the responses contained in paragraphs 1 through 40 above, as if more fully set forth herein.

42. Denied.

43. Denied.

44. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of fact set forth in this paragraph of the Amended complaint, accordingly, said averments are denied.

45. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of fact set forth in this paragraph of the Amended complaint, accordingly, said averments are denied.

46. The allegations contained in this paragraph are legal conclusions to which no responsive pleading is required. To the extent and answer is required, this averment is denied.

## COUNT 3
## BREACH OF CONTRACT AGAINST IWCI, HOLLIS AND REMKE

47. Answering Defendants incorporate herein by reference the responses contained in paragraphs 1 through 46 above, as if more fully set forth herein.

48. Admitted only that some of the Defendants entered into certain agreements regarding a Mexican joint venture. Denied as to the remainder of the averment.

49. The allegations contained in this paragraph are conclusions of law to which no answer is required; to the extent that they may be deemed conclusions of fact, they are denied.

50. Denied.

51. Denied.

52. Answering Defendants admit that IWCI, Hollis nor Remke operated POA as on ongoing business.

53. The allegations contained in this paragraph are legal conclusions to which no responsive pleading is required. To the extent this Court requires a response to the allegations contained in this paragraph, they are denied.

{D0048051:1 }

54. The allegations contained in this paragraph are legal conclusions to which no responsive pleading is required. To the extent this Court requires a response to the allegations contained in this paragraph, they are denied.

## COUNT 4
## CONVERSION OF CORPORATE ASSETS AGAINST HOLLIS

55. Answering Defendants incorporate herein by reference the responses contained in paragraphs 1 through 54 above, as if more fully set forth herein.

56. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of fact set forth in this paragraph of the Amended complaint; therefore these averments are denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## COUNT 5
## CONVERSION OF CORPORATE ASSETS AGAINST REMKE

61. Answering Defendants incorporate herein by reference the responses contained in paragraphs 1 through 60 above, as if more fully set forth herein.

62. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of fact set forth in this paragraph of the Amended complaint; therefore these averments are denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended complaint fails to state a claim upon which relief may be granted against Answering Defendants.

### SECOND AFFIRATIVE DEFENSE

Plaintiffs' are estopped from asserting a claim for relief or for damages against Answering Defendants.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' have waived any right to assert a claim for relief for damages against Answering Defendants.

### FOURTH AFFIRMATIVE DEFENSE

This action is barred by insufficiency of process.

### FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Amended complaint for prejudgment interest fail to state a claim for which relief can be granted and should be dismissed.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and of repose.

### SEVENTH AFFIRMATIVE DEFENSE

The Amended complaint is barred by the doctrines of unclean hands and laches.

**EIGHTH AFFIRMATIVE DEFENSE**

The Court lacks personal jurisdiction over the Answering Defendants based upon the Plaintiffs' failure to properly serve Answering Defendants with the complaint, amended complaint, summons and/or other process.

**NINTH AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over this adversary proceeding.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by res judicata and collateral estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims predicated on breach of contract are barred by the Debtors' prior breach of said contracts.

**TWELFTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims for breach of contract are barred, as there is no contractual privity with Answering Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Debtors failed to adequately identify and preserve this cause of action in their Plan of Reorganization and as such, the cause of action is barred, pursuant to applicable bankruptcy law.

**DEFENSES RESERVED**

Answering Defendants hereby give notice that it intends to rely upon any other defenses that may become available or apparent during the proceedings in this matter and hereby reserves the right to amend this Answer and to assert any such defense.

**WHEREFORE,** for the foregoing reasons, Answering Defendants, respectfully request that this Honorable Court enter an order dismissing the Amended complaint with prejudice, that

the Plaintiffs' recover nothing herein, and award Answering Defendants costs and disbursements in this proceeding and for such other and further relief as the Court may deem proper.

Date:   August 26, 2004

CAMPBELL & LEVINE, LLC

/S/ Marla Rosoff Eskin
Marla R. Eskin (I.D. #2898)
Kathleen Campbell (I.D. #4229)
800 N. King Street, Suite 300
Wilmington, DE 19801
(302) 426-1900
(302) 426-9947 facsimile

{D0048051:1 }