IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETS Payphones, Inc. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION No. 04-389-KAJ |
| ) | |
| Inter-World Communications, Inc., ) | |
| Corpserve, S.A. de C.V., World Center ) | |
| of Video Conferences, S.A. de C.V., ) | |
| Dean Hollis Velazco, and John Remke, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## RESPONSE OF ETS PAYPHONES TO DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

ETS Payphones, Inc., ("ETS") responds to the Motion for Summary Judgment (the "Motion") by Defendants Dean Hollis Velazco and Corpserve, S.A. de C.V. ("Defendants").

## SUMMARY OF THE ARGUMENT

In the Motion, Defendants argue that they are entitled to judgment as a matter of law for three reasons. First, Defendants argue that any recovery that ETS receives in the case will not benefit the estate as required by 11 U.S.C § 550(a). Second, Defendants argue that ETS is judicially estopped from bringing its cause of action because the cause of action was not disclosed in ETS's disclosure statement (the "Disclosure Statement") or its plan of reorganization (the "Plan"). Finally, Defendants argue that ETS has failed to effectuate service of process.

Defendants are not entitled to judgment as a matter of law on the first argument because any recovery in this case will benefit the estate. The shareholders of the reorganized debtor were unsecured creditors of the debtor by virtue of the Plan; thus, any benefit to ETS will inure to the benefit of the shareholders/former creditors. Additionally, because this same argument was put forth by the Defendants as an objection to ETS's motion to amend its complaint, the Court also effectively resolved this issue by granting ETS's motion to amend.

Defendants are not entitled to judgment as a matter of law on the second argument for two reasons. First, Plaintiff explicitly disclosed the existence of the claims against the Defendants in its Disclosure Statement and its First Amended Joint Reorganization Plan; in approving the Disclosure Statement and confirming the First Amended Joint Reorganization Plan, the bankruptcy court found that the disclosure statement contained adequate information about ETS's assets, which included this lawsuit. Second, whether or not the Disclosure Statement or the Plan adequately disclosed the existence of the claims against the Defendants is a question of fact that cannot be resolved by a summary judgment motion.

Defendants are not entitled to judgment as a matter of law on their third argument. The Defendants already lost a similar motion premised upon inadequate service of process before the bankruptcy court. Because it was clear that (a) the Defendants had been actively participating in the case, and (b) the Defendants were evading process in Mexico, the bankruptcy court entered an order merely requiring ETS to take the steps necessary to comply with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). In such order, the bankruptcy court ruled, "service of process shall be deemed sufficient and Defendants shall be prohibited from asserting insufficiency of process as cause to dismiss the action." ETS has taken the steps necessary to comply with the Hague

Convention, and the Defendants' attempt to reargue a motion they lost once before should be rejected.

## STATEMENT OF FACTS

On September 11 and 20, 2000, eleven related entities (the "Debtors") filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The eleven cases were jointly administered by court order.

### *Disclosure of Claims Against the Defendants*

On July 25, 2001, the Debtors filed their First Amended Plan of Reorganization (the "Plan") with an accompanying Disclosure Statement (the "Disclosure Statement"). The Plan specifically provided:

> Notwithstanding the foregoing, proceeds realized from potential claims and causes of actions of Debtors arising after the Petition Date or related to prepetition breaches of contract, Debtors' interest in NYLT, Debtors' investment in Mexico, Debtors' interest in the EUCL and similar litigation shall not become part of the Litigation Trust but shall remain property of Debtors or Reorganized ETS.

*See* Exhibit A, at 20 (emphasis supplied). Furthermore, the Disclosure Statement, approved by the Bankruptcy Court on July 25, 2001, provided:

> Debtors and Creditors' Committee anticipate that a variety of preferential and fraudulent conveyances of Debtors' property were made prior to the Petition Date. An investigation of such conveyances , and potential recoveries under section 544, 547, 548, 549 and 550 of the Bankruptcy Code is currently underway including an investigation by Creditors' Committee's forensic accountant.

*See* Exhibit B, at 22 (Disclosure Statement).

### *Emergence of the old Debtors as ETS Payphones, Inc.*

On November 14, 2001, the Bankruptcy Court entered an order confirming the Plan. Under the Plan, ETS Payphones, Inc. emerged as the successor-in-interest to the Debtors. The stock of the Debtors was cancelled and the assets of all Debtors were vested into ETS. *See*

Exhibit A, at 18, 19 and 21. ETS is now a telephone management company that is owned by the former creditors of the Debtors. (The Court may recall that these same issues were addressed in connection with ETS's motion to amend its pleadings to reflect ETS as the proper party. There, the Defendants made these same arguments,[1] and the Court granted ETS's motion over the Defendants' objections after a telephonic hearing.)

### *Service of Process*

The Debtors attempted multiple times to serve the Complaint on the Defendants. The Debtors believed the Defendants purposely evaded service of process. Although the Defendants were actively participating in the proceeding, on January 8, 2003, the Defendants filed a Motion to Dismiss for Insufficiency of Service of Process and to Abstain Pursuant to 28 U.S.C. § 1334(c)(1). On February 21, 2003, the Bankruptcy Court denied Defendants' motion to dismiss, ruling:

> Plaintiff shall endeavor to serve Defendants Corpserve, S.A. de C.V., World Center Video Conferences, S.A. de C.V., Dean Hollis Velazco, and John Remke pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

> If Plaintiff complies with the requirements for service pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters then service of process shall be deemed sufficient and Defendants shall be prohibited from asserting insufficiency of service of process as cause to dismiss the action.

*See* Exhibit C, at 2 (Order dated February 21, 2003).

ETS complied with the terms of the Hague Convention in October 2003 by serving a copy of the complaint and summons, translated into Spanish, upon the Secretaria de Relaciones Exterores, Direccion General de Asunos Juridicos, together with a Request for Service Abroad of

---

[1] *See* Docket No. 24.

Judicial or Extrajudicial Documents, requesting service upon the Defendants, on or about October 27, 2003. *See* Exhibit D (Affidavit of Jonathan W. Jordan).

On May 2, 2005, ETS filed its Motion for Leave to Amend the Complaint (the "Motion to Amend") in order to restyle the complaint and clarify the proceedings by substituting the reorganized debtor, ETS, for the Debtors in this cause of action. The Defendants objected to the Motion to Amend, in part based upon the first argument presented here. The Court overruled the Defendants' objections to the Motion to Amend, and granted the motion on August 24, 2005.

## ARGUMENT

### I.    Any Recovery Obtained in the Case will Benefit the Estate

Defendants assert that they are entitled to summary judgment because any recovery in this proceeding would be retained by ETS, and would not benefit the estate. Whether the recovery will benefit the estate is a question of fact to be determined by a fact finder. It is not a matter that can be resolved by a motion for summary judgment. *See, e.g., Kennedy Inn Associates v. Perab Realty Corp.* (*In re Kennedy Inn Associates*), 221 B.R. 704, 714 (Bankr. S.D.N.Y. 1998). For this reason, summary judgment for the Defendants is not appropriate.

Furthermore, the recovery by ETS will benefit the estate by providing a benefit to ETS's creditors. The shareholders of ETS are former unsecured creditors of the Debtors. These shareholders lost hundreds of millions of dollars of investments into ETS's operations, and as envisioned by the Plan, they received equity interests in the reorganized debtor, ETS. Any recovery that ETS obtained in this proceeding would benefit them as the value of the company and the stock would increase.

Under similar facts, the Delaware bankruptcy court in *Trans World Airlines* wrote, "[T]he unsecured creditors will benefit from the enhanced value of reorganized TWA by reason of being shareholders of the reorganized debtor." *Trans World Airlines v. Travellers Int'l AG (In re Trans World Airlines)*, 163 B.R. 964, 973 (Bankr. D. Del. 1994). *See also DuVoisin v. East Tennessee Equity, Ltd, (In re Southern Indus. Banking Corp.)*, 59 B.R. 638, 641 (Bankr. E.D. Tenn. 1986) ("Clearly, to the extent that plaintiff's recovery of fraudulent transfers and preferences operates to increase the assets and financial health of the successor-in-interest, it also operates to proportionally increase the value of those ownership rights in the successor-in-interest which constitute a portion of the unsecured creditors' distribution under the plan.").

For the discredited proposition that a successor corporation does not have standing to pursue a preference action if the recovery goes directly to the successor corporation, as opposed to the estate, Defendants rely on *Burlington Motor Carriers, Inc. v. MCI Telecommunications (In re Burlington Motor Holdings, Inc.)*, 231 B.R. 874 (Bankr. D. Del. 1999) (hereinafter, "*MCI Telecommunciations*"). However, in a later preference action pending in the same bankruptcy case, the district court found that *MCI Telecommunications* that the Defendants cite was incorrectly decided. *Burlington Motor Carriers, Inc. v. Comdata Network, Inc. (In re Burlington Motor Holdings, Inc.)*, Case No. 95-1599, 2002 WL 73490 (D. Del. Jan. 18, 2002) (hereinafter, "*Comdata*"). In *Comdata*, the bankruptcy court relied on *MCI Telecommunications* to determine that the successor-in-interest did not have standing to pursue a preference claim because the recovery would not benefit the estate. *Id.* at *2. On appeal, the district court held that the successor corporation had standing to pursue the preference claim, because the unsecured creditors received a benefit by the successor corporation's consideration for the right to assume

6

the avoidance action. *Id.* at * 3. The court wrote, "It is clear that the benefit to the estate may occur prior to an actual avoidance recovery." *Id.* at *2.

"One simple truth is evident- if plaintiff is not permitted to seek recovery of the alleged fraudulent transfers here, there will be absolutely *no* benefit to the unsecured creditors whose claims were impaired under the Modified Plan. Defendants will receive a windfall." *DuVoisin*, 59 B.R. at 643 (emphasis in original). This windfall is the result advocated by the Defendants. They are not entitled to judgment on this point as a matter of law.

## II.  Judicial Estoppel

Defendants next argue that they are entitled to judgment as a matter of law because ETS is equitably estopped from raising this cause of action. The Defendants assert that the present cause of action was not adequately disclosed in the Plan.

First and foremost, adequate disclosure is a question of fact, and ETS asserts that the existence of the cause of action against Defendant was adequately disclosed in a plan and disclosure statement that were subject to judicial scrutiny and found to be adequate by the Bankruptcy Court. Given that there is a material issue of fact that remains in dispute, Defendants are not entitled to judgment as a matter of law.

Section 1125 of the Bankruptcy Code requires that the disclosure statement contain adequate information. According to the legislative history of Section 1125, adequate information will be determined by the facts and circumstances of each case. H.R. Rep. No. 595, 97th Cong., 2nd Sess. 266 (1977). The present claims against the Defendants were adequately disclosed in both the Plan and the Disclosure Statement. The Plan specifically provided:

> Notwithstanding the foregoing, proceeds realized from potential claims and causes of actions of Debtors arising after the Petition Date or related to prepetition breeches of contract, Debtors' interest in NYLT, <u>Debtors' investment in Mexico</u>, Debtors' interest in

> the EUCL and similar litigation shall not become part of the Litigation Trust but shall remain property of Debtors or Reorganized ETS. (emphasis added)

*See* Exhibit A, at 20 (First Amended Plan of Reorganization). Furthermore, the Disclosure Statement provided:

> Debtors and Creditors' Committee anticipate that a variety of preferential and fraudulent conveyances of Debtors' property were made prior to the Petition Date. An investigation of such conveyances , and potential recoveries under section 544, 547, 548, 549 and 550 of the Bankruptcy Code is currently underway including an investigation by Creditors' Committee's forensic accountant.

*See* Exhibit B, at 22 (Disclosure Statement). In the order approving the Disclosure Statement and the order approving the Plan, the Bankruptcy Court held that the Disclosure Statement, which attached a copy of the Plan, contained adequate information, as that term is defined in Bankruptcy Court section 1125. *See* Exhibit E, at 2 (Disclosure Order dated July 27, 2001); Exhibit F, at 6 (Confirmation Order dated November 5, 2001). If the Bankruptcy Court had found that the Plan and Disclosure Statement did not contain sufficient disclosure regarding the potential litigation regarding investments in Mexico or the investigation into various preferential and fraudulent conveyances, the Bankruptcy Court could and would have required more detailed information.

In support of their argument, Defendants rely on *Oneida Motor Freight Inc. v. United Jersey Bank*, 848 F.2d 414 (3rd Cir. 1988). However, the facts of *Oneida* are very different from those in the case at bar. In *Oneida*, the United Jersey Bank sought an order establishing the validity of its lien against the debtor, and the debtor sought permission to use the cash collateral belonging to the bank. Prior to the confirmation of the plan, the debtor and the bank entered into a settlement agreement in which the debtor agreed to pay over $6.6 million to the bank. Although the plan made no reference to any cause of action against United Jersey Bank, the

8

debtor filed an action against the bank in the State court alleging a breach of agreement that occurred prior to the bankruptcy filing. *Id.* at 415-416.

In *Oneida*, the bank had no idea that the settlement it entered into did not resolve all claims stemming from their relationship with the debtor. The debtor waited until its plan was confirmed, and then, without warning, it went to a different court and filed its lawsuit. In the case before the Court today, by contrast, the Debtors revealed the existence of a potential cause of action based on their investments in Mexico and elaborated that they were still investigating potential claims. Unlike the bank in *Oneida*, the Defendants had no reason to believe that its dealings with the Debtors had been resolved.

The purpose of judicial estoppel is to prevent the fraudulent concealment of a cause of action in order to maintain the proceeds for the reorganized debtor. In this case, the litigation was not concealed, and any proceeds will go to benefit certain of the unsecured creditors that are the shareholders in the reorganized debtor. The Defendants are not entitled to judgment on these fact-intensive, equitable grounds as a matter of law.

## III.   Service of Process

Defendants also argue that they are entitled to summary judgment because Plaintiff has not effectuated service of process, and has failed to comply with an order of the Bankruptcy Court. Both parties concede that the Bankruptcy Court Order entered on February 21, 2003 (the "Service Order"), in which the Bankruptcy Court denied the Defendants' Motion to dismiss on the very same grounds, governs service of process in this case. The terms of the Service Order are clear:

> If Plaintiff complies with the requirements for service pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters then service of process shall be deemed sufficient and Defendants shall be

prohibited from asserting insufficiency of service of process as cause to dismiss the action.

The Service Order was entered after Defendants filed a motion to dismiss based on insufficient service. At that time, ETS had been unsuccessful in serving process on the Defendants in Mexico. In support of their Motion, the Defendants filed affidavits with the Court. The Bankruptcy Court was aware of ETS's difficulties in attempting to serve the Defendants, and entered the Service Order directing that ETS merely comply with requirements for service pursuant to the Hague Convention, and as the accompanying affidavit demonstrates, ETS did comply with the Hague Convention's requirements, and the Defendants were in fact served at Corpserve's Mexican offices. *See* Exhibit D. Given (a) the Defendants' active participation in the case, and (b) the efforts the Plaintiff went through to effect service upon he Defendants, it is logical that the Service Order does not direct that ETS actually succeed in its attempts to serve the Defendants; it only required ETS to comply with the requirements of the Hague Convention.

It is also too late for the Defendants to rehash this argument. Since the Service Order was entered, the Defendants have given and taken depositions, propounded and responded to written discovery, participated in mediation, filed four procedural motions, and responded vigorously to the Motion to Amend. They have not only known about this lawsuit for years, but they have actively participated in this lawsuit for years. It is disingenuous for them to complain that due process rights are being denied.

The Service Order is the law of the case. If the Defendants disagreed with the terms of the Service Order, they should have filed a motion to reconsider or a motion within a reasonable time after the reference was withdrawn. At this time, it is too late for the Defendants to argue that they have not been sufficiently served with process. "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same

case. ... This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166 (1988) (citations omitted). Because Plaintiff took all steps necessary under the Hague Convention and complied with the terms of the Service Order, the Defendants should be denied summary judgment on their insufficiency of service argument.

## CONCLUSION

For the foregoing reasons, ETS Payphones respectfully requests that the Court enter an order denying the Motion for Summary Judgment.

Dated: July 6, 2006

Respectfully submitted,

Sean M. Beach (Bar No. 3136)
Young Conaway Stargatt & Taylor, LLP
Brandywine Building
1000 N. West Street
Wilmington, Delaware 19081
Telephone:     (302) 571-6600
Facsimile:     (302) 571-1253

-and-

Jonathan W. Jordan
admitted pro hac vice
Michelle L. Carter
admitted pro hac vice
King & Spalding LLP
191 Peachtree Street
Atlanta, Georgia 30303
Telephone:     (404) 572-3568

*Counsel for ETS Payphones, Inc.*

# EXHIBIT A

ETS Payphones, Inc.; PSA, Inc.; ETS Vending, Inc.; Americom, Inc.; City Public Phones, Inc.; ETS Payphones of California, Inc.; ETS Management Services, LLC; MSC National, Inc.; S and R Telecommunications Consultants, Inc.; TSC Payphone Corp.; and Phoenix Telecom of Puerto Rico, Inc. will be substantively consolidated and immediately merged with and into Reorganized ETS.

Except as otherwise provided by the Joint Plan, upon the occurrence of any such merger, all assets of the merged entities, including, but not limited to, all payphones, automatic number identifiers, permits, certificates, franchises and operating rights shall be transferred to and become the assets of Reorganized ETS, and all liabilities of the merged entities, except to the extent discharged, released, extinguished or as otherwise provided by the Joint Plan and the Confirmation Order, shall be assumed by and shall become the liabilities of the surviving corporation.

The foregoing (a) shall be solely for the purposes of determining the right to Distributions under the Joint Plan; (b) shall not affect either the rights of any Holder of a Secured Claim with respect to the Collateral securing its Claim, or the terms and implementation of any settlement, and the rights and obligations of the parties thereto, entered into in connection with the confirmation of the Joint Plan; and (c) shall not, and shall not be deemed to, prejudice the claims, the proceeds of which are payable to the Litigation Trust, or Debtors or Reorganized ETS, which will survive entry of the Substantive Consolidation Order for the benefit of Debtors, their Estates, and Reorganized ETS as if there had been no substantive consolidation of Debtors and their Estates.

## J.   Continued Existence of Reorganized ETS

### 1.   Merger of ETS and Debtor Affiliates

On the Effective Date, the following shall be deemed to have occurred and be effective, if applicable, and shall be authorized and approved in all respects, without any requirement of further action by the stockholders or directors of Debtors or Reorganized ETS, and with like effect as if such actions had been taken by unanimous action of the stockholders and directors of Debtors of Reorganized ETS, as applicable (a) ETS's articles of organization in effect under the laws of the State of Georgia prior to the Confirmation Date shall be amended to provide for merger into and with Reorganized ETS along with all other Debtor Affiliates, authorize the issuance of the shares of Reorganized ETS Stock, prohibit the issuance of non-voting stock, provide for no less than three or more than five directors and to name the initial Board of Directors of the Reorganized ETS; and (b) the distribution of Cash and Reorganized ETS Stock by the Disbursing Agent in accordance with the Joint Plan and Confirmation Order; and (c) the implementation of the other matters provided for under the Joint Plan or any other corporate action necessary for or required by the Joint Plan.  A copy of the Articles of Incorporation of Reorganized ETS Inc. is attached as Exhibit 3.

Reorganized ETS shall continue to exist to carry on the business of Debtors as Reorganized ETS, a Delaware corporation.  Reorganized ETS shall be registered as a foreign corporation doing business in each state where it is expected to operate.

### 2.    By-laws

The by-laws of Reorganized ETS shall be substantially in the form of the by-laws attached hereto as Exhibit 4.

## K.    Appointment of Disbursing Agent

Under the Joint Plan, Reorganized ETS, or such other entity as may be designated by Debtors and Creditors' Committee, shall serve as Disbursing Agent. All distributions under the Joint Plan shall be made by such designated entity in its capacity as Disbursing Agent. The fees and expenses of the Disbursing Agent, if any, shall be paid and satisfied by Reorganized ETS.

## L.    Issuance and Delivery of Reorganized ETS Stock

As of the Effective Date, Reorganized ETS shall be authorized to issue up to six million shares of the Reorganized ETS Stock without further act or action under applicable law, regulation, order, or rule. Reorganized ETS shall issue five million of the initial shares of Reorganized ETS Stock to the Disbursing Agent for distribution in accordance with the provisions of the Joint Plan.

All holders of Reorganized ETS Stock shall be entitled to receive dividends, if any, when and as declared by the Board of Directors of Reorganized ETS, provided that Reorganized ETS has funds legally available for distribution and is not otherwise contractually restricted from declaration of any payment therefor. In the event of dissolution, liquidation or winding up of Reorganized ETS, the holders of Reorganized ETS Stock shall be entitled to receive all assets of Reorganized ETS available under law for common stockholders. With respect to voting rights, each share of Reorganized ETS Stock shall entitle the holder thereof to one vote, to be cast in person or by proxy for each share owned. The holders of the Reorganized ETS Stock shall have the right to elect directors to the Board of Directors consistent with the Articles of Incorporation and By-Laws of Reorganized ETS. Reorganized ETS Stock shall not carry with it any preemptive or preferential rights to purchase or subscribe for any additional shares of capital stock issued in the future by Reorganized ETS, whether of a presently existing class or series of stock of one or more that may later be authorized by Reorganized ETS.

Any issuance of Reorganized ETS Stock shall occur in connection with the consummation of the Joint Plan, and shall be exempt from the registration requirements of the Securities Act pursuant to section 1145 of the Bankruptcy Code.

## M.    Directors and Officers

### 1.    Current Directors of the Debtors

On the Effective Date, the term of the current directors of each of the Debtors shall expire.

2.    **Board of Directors of Reorganized ETS**

The board of directors of Reorganized ETS shall consist of up to five members, which shall include Mr. Longobardo as Chairman, Mr. Michael Buck, Mr. Michael Scott and two additional directors to be named by Creditors' Committee prior to the Effective Date. Except as otherwise provided in the Joint Plan, the Board of Directors of Reorganized ETS shall appoint the officers and other managers, and shall have the responsibility for the management, control, and operation of Reorganized ETS on and after the Effective Date consistent with the Articles of Incorporation and By-Laws of Reorganized ETS.

N.    **The Litigation Trust**

A Litigation Trust shall be created on the Effective Date for the benefit of Holders of Allowed Class 3 General Unsecured Claims and Allowed Class 4 Payphone Investor Claims. The Litigation Trust shall be administered by a trustee selected by the Creditors' Committee on or before the tenth day before the Confirmation Date and the trust agreement governing the Litigation Trust shall be filed as part of the Plan Supplement.  The Litigation Trust Agreement shall provide, among other things, (i) for the trustee to make distributions as and when funds are available and in the trustee's sole discretion; (ii) that the life of the Litigation Trust shall be the later of the conclusion of the prosecution of Debtors' and Creditors' Committee's claims and causes of action and three years (subject to extension upon approval of the Bankruptcy Court); (iii) that the trustee shall have the power to waive the attorney client privilege on behalf of Debtors and Creditors' Committee; (iv) the trustee's fees and expenses may be satisfied from the proceeds of the Litigation Trust, payment by Reorganized ETS or otherwise; (v) the trustee shall be considered a "party in interest" with the ability to request an examination pursuant to 2004 of the Federal Rules of Bankruptcy Procedure; (v) the trustee shall be entitled to employ counsel or other professionals; (vi) the trustee shall make available to any Holder of a Claim or any other party in interest in the Chapter 11 Cases a yearly accounting of the Litigation Trust; and (vii) shall be entitled to invest funds of the Litigation Trust in a manner consistent with the investment and deposit guidelines of section 345 of the Bankruptcy Code.  The Litigation Trust shall be funded with property and other proceeds of all claims and causes of action of Debtors or Creditors' Committee existing as of the Petition Date against (i) Charles Edwards, (ii) any insider of Debtors, (iii) any Person provided that such claim or cause of action arises under or relates to sections 544, 547, 548, 549 or 550 of the Bankruptcy Code or theories of conversion, breach of fiduciary duty or fraud, (iv) any Person provided that such claim or cause of action arises under or relates to Debtors' alleged violation of Federal and State Securities laws or the allegations set forth in the SEC Action, and (v) any Person provided such claim or cause of action arises in connection with or relates to Debtors' sale of payphones (vi) any officer, director, agent, affiliate, spouse, insider, initial transferee or subsequent transferee of any of the Persons described in clauses (i) through (v) of this sentence, and any person acting in concert with or under the direction or control of any of the Persons described in clauses (i) through (v) of this sentence.  Notwithstanding the foregoing, proceeds realized from potential claims and causes of action of Debtors arising after the Petition Date or related to prepetition breaches of contract, Debtors' interest in NYLT, Debtors' investment in Mexico, Debtors' interest in the EUCL litigation and similar litigation shall not become part of the Litigation Trust but shall remain property of Debtors or Reorganized ETS.

**O.    Employment Agreements**

On the Effective Date, Employment Agreements with Guy A. Longobardo and Michael H. McClellan in forms substantially identical to those in Exhibit 5 shall become effective.

**P.    Revesting of Assets**

On the Effective Date, the property of each of the Estates, together with any property of a Debtor that is not property of its Estate and that is not specifically disposed of pursuant to the Joint Plan, shall revest in and/or otherwise become property or asset of Reorganized ETS without the need for any further Bankruptcy Court order or act by Debtors or Reorganized ETS. Thereafter, Reorganized ETS may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Bankruptcy Court. As of the Effective Date, all property of Debtors shall be free and clear of all claims and interests, except as specifically provided in the Joint Plan or the Confirmation Order. All licenses, franchises, certificates, automatic number identifier operating permits and other licenses owned by Debtors shall become property of and be transferred to Reorganized ETS without further order of the Bankruptcy Court.

**Q.    Effectuating Documents; Further Transactions**

Debtors and Reorganized ETS shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents, and take such actions as may be necessary or appropriate to implement, effectuate and further evidence the terms, and conditions of the Joint Plan. Although not required, Reorganized ETS may elect to file documents of transfer or such other name change information it deems necessary, in its sole discretion, to reflect the revesting of the assets of Debtors in Reorganized ETS.

**R.    Cancellation of Securities and Agreements**

On the Effective Date, except as otherwise provided for in the Joint Plan: (i) any existing Interests and securities, to the extent not already canceled, shall be canceled; and (ii) the obligations of Debtors under such existing securities and under Debtors' certificate of incorporation, any agreements or certificates of designations governing such existing securities will be discharged. On the Effective Date, all Payphone Investor Agreements shall be canceled.

**S.    Exemption From Certain Transfer Taxes**

Pursuant to section 1146(c) of the Bankruptcy Code, any transfers: (i) for any of Debtors to Reorganized ETS or any other Person or entity pursuant to the Joint Plan; or (ii) from Reorganized ETS to any other Person or entity pursuant to the Joint Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment, and all appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

21

# EXHIBIT B

investigated many assertions which have turned out to be unsubstantiated rumors, however, Debtors and Creditors' Committee continue to pursue their investigation into various claims.

        a.      Debtors and Creditors' Committee are currently investigating the potential for recovery of certain claims against Charles E. Edwards and other Non-Debtor Affiliates, including claims to collect pre-petition loans and recover certain other transfers. See Section VII.C.3., Settlement of SEC Action and Phoenix Litigation.

        b.      Debtors and Creditors' Committee anticipate that a variety of preferential and fraudulent conveyances of Debtors' property were made prior to the Petition Date. An investigation of such conveyances, and potential recoveries under section 544, 547, 548, 549 and 550 of the Bankruptcy Code is currently underway including an investigation by Creditors' Committee's forensic accountant.

        c.      Debtors and Creditors' Committee (including Creditors' Committee's forensic accountant) are also investigating other potential claims against third parties, including claims arising under theories of fraud, malpractice, conspiracy, breach of fiduciary duty, conversion and RICO.

        d.      Revenues Recoverable for Improper End User Common Line Charges

On October 31, 1997, the United States Court of Appeals for the District of Columbia Circuit held that the FCC had erred in allowing LECs to assess End User Common Line ("EUCL") charges against IPPs during the period before the FCC's EUCL charge rules applied to both IPP and LEC payphone divisions. The Debtors, along with numerous IPPs across the country are pursuing reimbursement from the LECs for improperly assessed EUCL charges. Debtors' claims against the LECs have been conservatively estimated to exceed $1,042,000.

        e.      Other Lawsuits

Debtors are plaintiffs in approximately fifteen lawsuits pending in Georgia, North Carolina, Texas, Florida and California. These lawsuits are for unrelated contract claims against Location Owners and other causes of action. The amounts in controversy for these cases average between $5,000 and $25,000 per case. At this stage in the litigation, neither the likelihood of Debtors prevailing nor the probable recoveries, if any, from these lawsuits, can be predicted.

    **7.**    *Joint Venture Investments*

        a.      NYLT

On December 10, 1998, ETS invested approximately $500,000 in a corporation called New York Local Telephone Company ("NYLT"). The shareholders of NYLT are PSA (30%), Denton Jones (64%) and Larry Ginsburg (6%). Pursuant to preliminary information available to Debtors, NYLT was formed to operate as a competitive local exchange carrier ("CLEC") and provide dial tone to Debtors and other payphone service providers. Existing management of

EXHIBIT C

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| PSA, INC., | ) | Case No. 00-3570 (KJC) |
| a Delaware corporation, | ) | |
| | ) | (Jointly Administered |
| and affiliates, | ) | Case Nos. 00-3570 |
| | ) | through   00-3572 |
| Debtors. | ) | and        00-3718 |
| | ) | through   00-3725) |
| ———————————————— | ) | |
| | ) | |
| PSA, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 02-5565 |
| | ) | |
| Inter-World Communications, Inc., | ) | |
| Corpserve, S.A. de C.V., World Center | ) | |
| of Video Conferences, S.A. de C.V., | ) | |
| Dean Hollis Velazco, and John Remke, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | | |

## ORDER REGARDING MOTION TO DISMISS FOR INSUFFICIENCY
## OF SERVICE OF PROCESS

THIS CAUSE is before the Court upon the motion to dismiss for insufficiency of

service of process filed by Defendants Corpserve, S.A. de C.V., World Center of Video

Conferences, S.A. de C.V., Dean Hollis Velazco, and John Remke.  Upon consideration

of Defendants' motion and brief in support and Plaintiff PSA, Inc.'s response in

opposition, and after review of the relevant case law, it is hereby

**ORDERED and ADJUDGED:**

1.     Plaintiff shall endeavor to serve Defendants Corpserve, S.A. de C.V., World Center of Video Conferences, S.A. de C.V., Dean Hollis Velazco, and John Remke pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

2.     If Plaintiff complies with the requirements for service pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters then service of process shall be deemed sufficient and Defendants shall be prohibited from asserting insufficiency of service of process as cause to dismiss the action.

3.     Defendants' rights to assert the other issues asserted in the Motion are hereby reserved and the Court makes no findings or rulings with respect to the other issues raised.

This _21st_ day of February 2005.

Kevin J. Carey,
United States Bankruptcy Judge

2

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ETS Payphones, Inc. | ) |
|     Plaintiff, | ) |
| v. | ) |
| Inter-World Communications, Inc., | ) |
| Corpserve, S.A. de C.V., World Center | ) |
| of Video Conferences, S.A. de C.V., | ) |
| Dean Hollis Velazco, and John Remke, | ) |
|     Defendants. | ) |

CIVIL ACTION No. 04-389-KAJ

## AFFIDAVIT OF JONATHAN W. JORDAN

STATE OF GEORGIA

COUNTY OF FULTON

Jonathan W. Jordan, being duly sworn, deposes and states as follows:

1.    "My name is Jonathan W. Jordan. I am fully competent to testify as to the matters stated in this affidavit, and all facts recited herein are true and correct according to my personal knowledge, except where indicated.

2.    I am counsel for ETS Payphones, Inc. On or about October 21, 2003, I caused to be prepared a Request for Service Abroad of Judicial or Extrajudicial Documents, in the form promulgated by the U.S. Department of Justice (the "Request for Service"), directed to the Secretaria de Relaciones Exteriores, Direccion de General de Asuntos Juridicos, in the Federal District of Mexico (the "Secretaria de Relaciones Exteriores"), directing service of Spanish and English versions of the live complaint and summons on defendants Dean Hollis Velazco and

Corpserve, S.A. de C.V.  Attached as Exhibits 1 and 2 to this affidavit are true and correct copies of the Requests for Service pertaining to defendants Hollis and Corpserve.

3.     On or about October 21, 2003, I caused the Request for Service to be mailed to the Secretaria de Relaciones Exteriores.

4.     In early December 2003, I received a reply from the Tribunal Superior de Justicia del Distrio Federal, in Mexico City, returning copies of the complaints and summonses prepared for defendants Hollis and Corpserve.

5.     It is my understanding, based upon a review of the Citatoria attached as Exhibit 3 to this affidavit, that the complaint and summons in this case were served on or around December 11, 2003 upon a representative of the defendants, Salvador Herrera Hernandez, an employee of Corpserve, at Corpserve's corporate address in Colonia Roma, Distrio Federal, Mexico."

Jonathan W. Jordan



Subscribed and sworn before me this ___ day of May, 2006

GEORGIA

Notary Public
GWINNETT COUNTY



U.S. Department of Justice
United States Marshals Service

# REQUEST
# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ETRANGER*
*D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

Convention on the service abroad of judicial and extrajudicial documents in civil or
commercial matters, signed at The Hague, November 15, 1965.

*Convention relative 'a la signification et 'a la notification 'a l'etranger des actes judiciaires ou extrajudiciaires en matiere civile*
*ou commerciale, signgee 'a La Haye, le 15 Novembre 1965.*

| Identity and address of the applicant | Address of receiving authority |
|---|---|
| *Identite et adresse du requerant* | *Adresse de l'autorite destinataire* |
| Jonathan W. Jordan, Esq. | Secretaria de Relaciones Exteriores |
| King & Spalding | Direccion General de Asuntos Juridicos |
| 191 Peachtree Street, NE | Av. Ricardo Flores Magon No. 1 Anexo |
| Atlanta, Georgia  30303 | Planta Alta |
| (404) 572-4600 | Colonia Tlatelolco |
| | 06995 Mexico, D.F. |

The undersigned applicant has the honour to transmit-in duplicate-the documents listed below and, in
conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof
on the addressee, i.e.,
(identity and address)

*Le requerant soussigne a l'honneur de faire parvenir-en double exemplaire-a l'autorite destinataire les documents ci-dessous enumeres.*
*en la priant conformement a l'article 5 de la Convention precitee, d'en faire remettre sans remettre un exemplaire au destinataire, savoir:*
*(identite et adresse)*

Corpserve, S.A. de C.V., Sinaloa #10, Colonia Roma, 06700, Mexico, D.F.

☒ (a) in accordance with the provisions or sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
*a) selon les formes legales (article 5 alinea premier, lettre a).*

☐ (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
*b) selon la forme particuliere suivante (article 5, aline'a premier, lettre b) :*

☐ (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*:
*c) le cas echeant, par remise simple (article 5, alinea 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents-and of the
annexes--with a certificate* a provided on the reverse side.

*Cette autorite est priee de renvoyer ou de faire renvoyer au requerant un exemplaire de l'acte-et de ses annexes -avec l'attestation figurant au verso.*

| | |
|---|---|
| List of documents | Done at _____, the _____ |
| *Emumaration der pieces* | *Fait 'a*                          , *le* |
| Complaint | |
| Summons | Signature and/or stamp |
| | *Signature et/ou cachet* |
| | 10/21/03 |



# CERTIFICATE
## *ATTESTATION*

**The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,**
*L'autorite soussignee a l'honneur d'atiesier conformiment 'a l'article 6 de ladite Convention.*

**1) that the document has been served \***
*1. que la demande a execute*
   -the (date)   -le (date)    _____
   -at (place, street, number) -a (loralni. rue mumbo) _____

  **--in one of the following methods authorized by article 5-**
  *--ons une desjormes suivanies privues it l'article 5*

   ☐ **(a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention\*.**
     *a) selon les formes agales (artirle 5. alinea premier, letire a)*

   ☐ **(b) in accordance with the following particular method:**
     *b) selon lojorme particuliere suivante:*

   ☐ **(c) by delivery to the addressee, who accepted it voluntarily.\***
     *c) par remijesiniple*

**The documents referred to in the request have been delivered to:**
*Les documents mentionnes dans la demande ont ete remis a*

  -**(identity and description of person)**
  *-ftdental ei qualit; de la pervonne)*

  -**relationship to the addressee family, business or other**
  *-liass de parente de subordination ou outres. avec le desitruiraire de l'acte*

**2) that the document has not been served, by reason of the following facts\*:**
*2. que la demande ri'a pas ete executee, en raison des faits suivants:*

_____

**In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in The attached statement\***
*Conformement a l'article 12. alinea 2, de ladite Convention, le requerant est prie de payer ou de rembourser les frais dont le detail figure au memoire ci-joint.*

**Annexes**
*Annexes*

**Documents returned:**
*pieces renvoyees*

_____

**Done at** _____, **the** _____
*Fait 'a* _____, *le*

**In appropriate cases, documents establishing the service:**
*Le cas echeant, les documents justificatifs de l'execution:*

**Signature and/or stamp.**
*Signature et/ou cachet.*

**SOLICITUD**

## PARA NOTIFICAR EN EL EXTRANJERO LA EXISTENCIA DE DOCUMENTOS JUDICIALES O EXTRAJUDICIALES

**Convención sobre la notificación en el extranjero de documentos judiciales o extrajudiciales en cuestiones civiles o comerciales suscrita en La Haya el 15 de noviembre de 1965**

| Identidad y dirección del solicitante | Dirección de la autoridad destinataria |
|---|---|
| Jonathan W. Jordan<br>King & Spalding LLP<br>191 Peachtree Street N.E.<br>Atlanta, Georgia 30303<br>(404) 572-4600 | Secretaría de Relaciones Exteriores<br>Dirección General de Asuntos Jurídicos<br>Av. Ricardo Flores Magón No. 1 - Anexo 2<br>Planta Alta<br>Colonia Tlatelolco<br>06995 México, D.F. |

El solicitante abajo firmante tiene el honor de transmitirle -por duplicado- los documentos que se enumeran a continuación, de conformidad con lo dispuesto en el Artículo 5 de la Convención antes citada, solicitándole la pronta notificación de una copia de tales documentos al destinatario que se incluye a continuación:
(identidad y dirección)

Corpserve, S.A. de C.V., Sinaloa #10, Colonia Roma, 06700, Mexico, D.F.

[x]   (a).     De acuerdo con lo dispuesto en el inciso (a) del primer párrafo del Artículo 5 de la Convenció.*
[ ]   (b).     De acuerdo con el método particular que se indica a continuación (inciso (b) del primer párrafo del Artículo 1).*

[ ]   (c)     Mediante la entrega al destinatario si la acepta voluntariamente (segundo párrafo del Artículo 5).*

Se ruega a la Autoridad correspondiente que devuelva o haga que se devuelva al solicitante una copia de los documentos -y de los anexos*-, junto con un certificado de ejecución conforme se establece en el anverso de este documento.

*Lista de documentos*
Demanda
Citación

Firmado en _____, a los _____

Firma y/o sello

10/21/03

(Anteriormente OSD-116 que previamente fue conocido como LAA- 116 que aún pueden estar en uso)

*Elimine si no corresponde

USM-94
(EST 22/11/77)

101

## RESUMEN DE LOS DOCUMENTOS QUE SE NOTIFICARÁN

**Convención sobre la notificación en el extranjero de documentos judiciales o extrajudiciales en cuestiones civiles o comerciales suscrita en La Haya el 15 de noviembre de 1965**

*(Artículo 5, cuarto párrafo)*

Nombre y domicilio de la autoridad requirente:
Jonathan W. Jordan, King & Spalding LLP, 191 Peachtree Street, NE, Atlanta, Georgia  30303

Datos de las partes:
PSA, Inc., Suite G., 1490 Westfork Drive, Lithia Springs, Georgia 30122, Estados Unidos.

## DOCUMENTO JUDICIAL**

Carácter y objeto del documento:
El objeto de la Demanda y la Citación (que se adjuntan al presente) es notificarle que se ha entablado un juicio civil en su contra y el fundamento de dicho juicio.

Naturaleza y objeto del proceso y, según corresponda, el monto de la controversia:
El objeto del proceso es determinar si usted es responsable ante la Demandante, PSA, Inc. La Demandante solicita que se dicte un fallo en su contra por el monto de 9 millones de dólares estadounidenses. Adicionalmente, la Demandante solicita intereses previos a la realización del juicio y los gastos que implica la realización de tal acción nor esta causa.

Fecha y lugar de la comparecencia:**
Usted podrá contestar la Demanda dentro de los trienta (30) días posteriores a la fecha en que recibió la notificación, ante el Tribunal de Quiebras de los Estados Unidos, Distrito de Delaware, 824 Market Street, Wilmington, Delaware 19801, Estados Unidos.

Tribunal que ha dictado sentencia:**
No se ha dictado sentencia alguna hasta la fecha

Fecha de la sentencia:**
No corresponde.

Límites de tiempo establecidos en el documento:**
Trienta (30) días.

## DOCUMENTO EXTRAJUDICIAL**

Carácter y objeto del documento.

Límites de tiempo establecidos en el documento:**

* Si corresponde, la identidad y dirección de la persona interesada en la transmisión del documento.
**Eliminar si no corresponde

# CERTIFICADO

La autoridad abajo firmante tiene el honor de certificar, de conformidad con lo dispuesto en el Artículo 6 de la Convención:

1)      que el documento ha sido notificado*
        - a los (fecha) _____
        - en (lugar, calle, número) _____

        - A través de uno de los siguientes métodos autorizados en virtud de los preceptos consagrados en el Artículo 5:

        [ ]     (a) De acuerdo con lo dispuesto en el inciso (a) del primer párrafo del Artículo 5 de la Convención.*
        [ ]     (b) De acuerdo con el método particular que se indica a continuación.*
                _____
                _____

        [ ]     (c) Mediante la entrega al destinatario, si la acepta voluntariamente.*
        Los documentos mencionados en la solicitud fueron entregados a:
        - (Identidad y descripción de la persona) _____
        _____

        - Parentesco o relación con el destinatario (pariente, negocios u otro): _____
        _____

2)      Que el documento no fue notificado, por los siguientes motivos:*
        _____
        _____

De conformidad con lo dispuesto en el segundo párrafo del Artículo 12 de la Convención, se le exige al Solicitante que efectúe el pago o reembolse los gastos que se indican en detalle en la declaración adjunta:


Anexos
Documentos devueltos:
_____          Firmado en _____, a los _____
_____

En los casos en los que corresponda, los documentos          Firma y/o sello
que establecen la notificación:

_____
_____          _____
_____

*Elimine si no corresponde

U.S. Department of Justice
United States Marshals Service



27 OCT '03 P

## REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ETRANGER*
*D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

Convention on the service abroad of judicial and extrajudicial documents in civil or
commercial matters, signed at The Hague, November 15, 1965.

*Convention relative 'a la signification et 'a la notification 'a l'etranger des actes judiciaires ou extrajudiciaires en matiere civile*
*ou commerciale, signgee 'a La Haye, le 15 Novembre 1965.*

| | |
|---|---|
| **Identity and address of the applicant**<br>*Identite et adresse du requerant*<br><br>Jonathan W. Jordan, Esq.<br>King & Spalding<br>191 Peachtree Street, NE<br>Atlanta, Georgia  30303<br>(404) 572-4600 | **Address of receiving authority**<br>*Adresse de l'autorite destinataire*<br><br>Secretaria de Relanciones Exteriores<br>Direccion General de Asuntos Juridicos<br>Av. Ricardo Flores Magon No. 1-Anexo 2<br>Planta Alta<br>Colonia Tlatelolco<br>06995 Mexico, D.F. |

The undersigned applicant has the honour to transmit-in duplicate-the documents listed below and, in
conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof
on the addressee, i.e.,
        (identity and address)

*Le requerant soussigne a l'honneur de faire parvenir-en double exemplaire-a l'autorite destinataire les documents ci-dessous enumeres.*
*en la priant conformement a l'article 5 de la Convention precitee, d'en faire remettre sans remettre un exemplaire au destinataire, savoir:*
        *(identite et adresse)*

Dean Hollis Velazco, Puebla #237 Esq. Medellin, Colonia Roma, 06700, Mexico, D.F.

☒ (a) in accordance with the provisions or sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
        *a) selon les formes legales (article 5 alinea premier, lettre a).*

☐ (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
        *b) selon la forme particuliere suivante (article 5, aline'a premier, lettre b) :*

_____

_____

☐ (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*:
        *c) le cas echeant, par remise simple (article 5, alinea 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents-and of the
annexes--with a certificate* a provided on the reverse side.
*Cette autorite est priee de renvoyer ou de faire renvoyer au requerant un exemplaire de l'acte-et de ses annexes -avec l'attestation figurant au verso.*

| List of documents<br>*Emmuration der pieces*<br><br>Complaint<br><br>Summons | Done at _____ ; the _____<br>*Fait 'a _____ , le _____*<br><br>Signature and/or stamp<br>*Signature et ou cachet*<br><br>10/21/03 |

*Delete if inappropriate
*Rayer les mentions inutiles.*

USM Form 94
Est. 11/77, Automated 11/00
(Formerly OBD-116, which was formerly LAA-116, both of which may still be used)



## SUMMARY OF THE DOCUMENT TO BE SERVED
*ELEMENTS ESSENTIELS DE L'ACTE*

Convention on the service abroad of judicial and extrajudicial documents In civil or commercial matters, signed at The Hague, November 15, 1965.

*Convention relative 'a la signification et a la notfrarion ~ l'e'stranger ties acres judiciaries et extrajudiciaries en matiere civile ou commerciale, signgee a La Haye, le 15 Novembre 1965..*

(article 5, fourth paragraph)
*(article 5. alinea 4)*

Name and address of the requesting authority:
*Nom ei addressee tie l'autorite requirante:*

Jonathan W. Jordan, Esq., King & Spalding, 191 Peachtree Street, Atlanta, Georgia 30303

Particulars of the parties:
*Identite des parties:*

PSA, Inc., Suite G, 1490 Westfork Drive, Lithia Springs, Georgia 30122, United States

### JUDICIAL DOCUMENT
*ACTE JUDICIA IRE*

Nature and purpose of the document:
*Nature et objet tie l'acte-*

The purpose of the Complaint and Summons (attached hereto) is to give you notice that a civil lawsuit has been filed against you and the basis for the lawsuit.

Nature and purpose of the proceedings and, where appropriate, the amount in dispute:
*Nature et objet de l'instance le cas echeant le montant du litige:* The purpose of the proceeding is to determine whether you are liable to the Plaintiff, PSA, Inc. The Plaintiff requests a judgment against you in the amount of US $9 million. In addition, the Plaintiff requests prejudgment interest and its expenses in prosecuting the case.

Date and place for entering appearance-
*Date et lieu de la comparution:* You may respond to the Complaint within thirty (30) days after its service upon you in the United States Bankruptcy Court, District of Delaware, 824 Market Street, Wilmington, Delaware 19801, United States

Court which has given judgment**:
*Juridition qui a rendu la decision:*

No judgment has been entered to date

Dale of judgment**:
*Date de /a decision:*

Not applicable

Time limits stated in the document**:
*Indication des delias figurant dans l'acte:*

Thirty (30) days

### EXTRAJUDICIAL DOCUMENT
*ACTE EXTRAJUDICIAIRE*

Nature and purpose of the document:
*Nature et objet l'acte:*

Time limits stated in the document:**
*Indication des delias figurant dans l'acte:*

## CERTIFICATE
### *ATTESTATION*

**The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,**
*L'autorite soussignee a l'honneur d'atiesier conformiment 'a l'article 6 de ladite Convention.*

**1) that the document has been served ***
*1. que la demande a execute*
   **-the (date)** *-le (date)* _____
   **-at (place, street, number)** *-a (loralni. rue mumbo)* _____

   **--in one of the following methods authorized by article 5-**
   *--ons une desformes suivanies privues it l'article 5*

   ☐ **(a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.**
      *a) selon les formes ayales (artirle 5. alinea premier, letire a)*

   ☐ **(b) in accordance with the following particular method:**
      *b) selon lojorme particuliere suivante:* _____

   ☐ **(c) by delivery to the addressee, who accepted it voluntarily.***
      *c) par remijesiniple*

   **The documents referred to in the request have been delivered to:**
   *Les documents mentionnes dans la demande ont ete remis a*

   **-(identity and description of person)**
   *-fidenlui ei qualit; de la pervonne)*

   **-relationship to the addressee family, business or other** _____
   *-fiens de parente de subordination ou outres. avec le destruiraire de l'acte*

**2) that the document has not been served, by reason of the following facts*:**
*2. que la demande n'a pas ete executee, en raison des faits suivants:*

_____
_____

**In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in The attached statement***
*Conformement a l'article 12. alinea 2, de ladite Convention, le requerant est prie de payer ou de rembourser les frais dont le detail figure au memoire ci-joint.*

**Annexes**
*Annexes*

**Documents returned:**
*pieces renvoyees*

_____
_____
_____

**In appropriate cases, documents establishing the service:**
*Le cas echeant, les documents justificatifs de l'execution:*

_____
_____

**Done at** _____, **the** _____
*Fait 'a* _____, *le* _____

**Signature and/or stamp.**
*Signature et/ou cachet.*

# SOLICITUD

## PARA NOTIFICAR EN EL EXTRANJERO LA EXISTENCIA DE DOCUMENTOS JUDICIALES O EXTRAJUDICIALES

### Convención sobre la notificación en el extranjero de documentos judiciales o extrajudiciales en cuestiones civiles o comerciales suscrita en La Haya el 15 de noviembre de 1965

| Identidad y dirección del solicitante | Dirección de la autoridad destinataria |
|---|---|
| Jonathan W. Jordan<br>King & Spalding LLP<br>191 Peachtree Street N.E.<br>Atlanta, Georgia 30303<br>(404) 572-4600 | Secretaría de Relaciones Exteriores<br>Dirección General de Asuntos Jurídicos<br>Av. Ricardo Flores Magón No. 1 - Anexo 2<br>Planta Alta<br>Colonia Tlatelolco<br>06995 México, D.F. |

El solicitante abajo firmante tiene el honor de transmitirle -por duplicado- los documentos que se enumeran a continuación, de conformidad con lo dispuesto en el Artículo 5 de la Convención antes citada, solicitándole la pronta notificación de una copia de tales documentos al destinatario que se incluye a continuación:
(identidad y dirección)

Dean Hollis Velazco, Puebla #237 Esq. Medellin, Colonia Roma, 06700, Mexico, D.F.

[x]  (a)  De acuerdo con lo dispuesto en el inciso (a) del primer párrafo del Artículo 5 de la Convenció.*

[ ]  (b)  De acuerdo con el método particular que se indica a continuación (inciso (b) del primer párrafo del Artículo 1).*

[ ]  (c)  Mediante la entrega al destinatario si la acepta voluntariamente (segundo párrafo del Artículo 5).*

Se ruega a la Autoridad correspondiente que devuelva o haga que se devuelva al solicitante una copia de los documentos -y de los anexos*-, junto con un certificado de ejecución conforme se establece en el anverso de este documento.

*Lista de documentos*
Demanda
Citación

Firmado en _____, a los _____

Firma y/o sello

10/21/03

(Anteriormente OSD-116 que previamente fue conocido como LAA- 116 que aún pueden estar en uso)

*Elimine si no corresponde

USM-94
(EST 22/11/77)

## RESUMEN DE LOS DOCUMENTOS QUE SE NOTIFICARÁN

**Convención sobre la notificación en el extranjero de documentos judiciales o extrajudiciales en cuestiones civiles o comerciales suscrita en La Haya el 15 de noviembre de 1965**

*(Artículo 5, cuarto párrafo)*

Nombre y domicilio de la autoridad requirente:
Jonathan W. Jordan, King & Spalding LLP, 191 Peachtree Street, NE, Atlanta, Georgia 30303

Datos de las partes:
PSA, Inc., Suite G., 1490 Westfork Drive, Lithia Springs, Georgia 30122, Estados Unidos.

### DOCUMENTO JUDICIAL**

Carácter y objeto del documento:
El objeto de la Demanda y la Citación (que se adjuntan al presente) es notificarle que se ha entablado un juicio civil en su contra y el fundamento de dicho juicio.

Naturaleza y objeto del proceso y, según corresponda, el monto de la controversia:
El objeto del proceso es determinar si usted es responsable ante la Demandante, PSA, Inc. La Demandante solicita que se dicte un fallo en su contra por el monto de 9 millones de dólares estadounidenses. Adicionalmente, la Demandante solicita intereses previos a la realización del juicio y los gastos que implica la realización de tal acción nor esta causa.

Fecha y lugar de la comparecencia:**
Usted podrá contestar la Demanda dentro de los trienta (30) días posteriores a la fecha en que recibió la notificación, ante el Tribunal de Quiebras de los Estados Unidos, Distrito de Delaware, 824 Market Street, Wilmington, Delaware 19801, Estados Unidos.

Tribunal que ha dictado sentencia:**
No se ha dictado sentencia alguna hasta la fecha

Fecha de la sentencia:**
No corresponde.

Límites de tiempo establecidos en el documento:**
Trienta (30) días.

### DOCUMENTO EXTRAJUDICIAL**

Carácter y objeto del documento.

Límites de tiempo establecidos en el documento:**

\* Si corresponde, la identidad y dirección de la persona interesada en la transmisión del documento.
\*\*Eliminar si no corresponde

## CERTIFICADO

La autoridad abajo firmante tiene el honor de certificar, de conformidad con lo dispuesto en el Artículo 6 de la Convención:

1)    que el documento ha sido notificado*
        - a los (fecha) _____
        - en (lugar, calle, número) _____

_____

    - A través de uno de los siguientes métodos autorizados en virtud de los preceptos consagrados en el Artículo 5:

        [ ]    (a) De acuerdo con lo dispuesto en el inciso (a) del primer párrafo del Artículo 5 de la Convención.*
        [ ]    (b) De acuerdo con el método particular que se indica a continuación.*

        _____
        _____

        [ ]    (c) Mediante la entrega al destinatario, si la acepta voluntariamente.*

    Los documentos mencionados en la solicitud fueron entregados a:
    - (Identidad y descripción de la persona) _____

    - Parentesco o relación con el destinatario (pariente, negocios u otro): _____
    _____

2)    Que el documento no fue notificado, por los siguientes motivos:
    _____
    _____
    _____

De conformidad con lo dispuesto en el segundo párrafo del Artículo 12 de la Convención, se le exige al Solicitante que efectúe el pago o reembolse los gastos que se indican en detalle en la declaración adjunta:

Anexos
Documentos devueltos:
_____      Firmado en _____, a los _____
_____

En los casos en los que corresponda, los documentos    Firma y/o sello
que establecen la notificación:

_____
_____

*Elimine si no corresponde



## JUZGADO VIGÉSIMO NOVENO DE LO CIVIL

EXPEDIENTE  967/03

SECRETARIA  A

# CITATORIO

SR.(A): Corpserus, S.A de C.V., por conducto de su representante legal

Domicilio Sinaloa #10, Colonia Roma, Delegación, Cuauhtémoc, D.F.

Para la practica de una diligencia judicial decretada por el C. Juez Vigésimo Noveno Civil del Tribunal Superior de Justicia del Distrito Federal, se servirá esperar en el domicilio en que le dejo el presente citatorio, al suscrito Secretario, el día _Doce_ de _Diciembre_ 2003, a las _Diez Horas con Treinta Minutos_ horas, apercibido que si no lo hace, la diligencia se practicará conforme _a la_ Ley. El presente citatorio lo recibe _Salvador Figueroa Hernandez_, quien dijo ser _empleado de la Empresa Buscada_, a las _Doce_ horas del Vigésimo Noveno de lo Civil.

México, D.F. a _Doce_ de _Diciembre_ de 2003.

El Secretario Actuario

LIC. JAVIER CEFERINO CORTÉS HERNÁNDEZ





## JUZGADO VIGÉSIMO NOVENO DE LO CIVIL

EXPEDIENTE 967/03

SECRETARIA A

# CITATORIO

SR.(A): Dean Hollis Volazco

Domicilio Sinaloa No 10, Colonia Roma Delega. Cuauhtemoc, D.F.

Para la practica de una diligencia judicial decretada por el C. Juez Vigésimo Noveno Civil del Tribunal Superior de Justicia del Distrito Federal, se servirá esperar en el domicilio en que le dejo el presente citatorio, al suscrito Secretario, el día _Doce_ de _Diciembre_ de 2003, a las _diez horas con diez minutos_ horas, apercibido de que si no lo hace, la diligencia se practicará conforme a la Ley. El presente citatorio lo recibe _Salvador Herrera Hernandez_, quien dijo ser _empleado de Corporativo, S.A. de C.V._, a las _doce horas con diez minutos_ horas del día.

México, D.F. a _Once_ de _Diciembre_ de 2003.

El Secretario Actuario

LIC. JAVIER CEFERINO CORTÉS HERNÁNDEZ

# EXHIBIT E

ORDERED, that all objections to the Debtors' Disclosure Statement are overruled, except to the extent resolved on the record at the hearing or otherwise; and it is further

ORDERED that the Debtors' Disclosure Statement (and all exhibits and schedules thereto), as the same may be amended and modified from time to time to incorporate modifications which do not materially change the Debtors' Disclosure Statement or materially affect any rights of a party in interest, is approved as containing adequate information within the meaning of 11 U.S.C. § 1125; and it is further

ORDERED, that the Disclosure Statement Summaries, substantially in the forms annexed hereto as Exhibits A and B, are approved pursuant to Federal Rule of Bankruptcy Procedure 3017(d) for distribution to holders of Payphone Investor Claims and holders of General Unsecured Claims, respectively.

Dated: July 17, 2001
      Wilmington, Delaware

ORIGINAL SIGNED BY
/s/ JOHN C. AKARD
_____
John C. Akkard
United States Bankruptcy Judge

WP3:661923.1                     2               57484.1001

# EXHIBIT F

d.      **Section 1123(a)(7) -- Selection of Directors and Officers in a Manner Consistent with the Interests of Creditors and Equity Security Holders and Public Policy.**

Article IV(M) of the Joint Plan provides for three initial directors of Reorganized Debtors, who shall begin serving on the Effective Date, with the ability of the Creditors' Committee to name two additional directors prior to the Effective Date. The Creditors' Committee consists of three Payphone Investors and two Holders of Class 3 General Unsecured Claims. Because Distributions to the Payphone Investors and General Unsecured Creditors are dependent upon future profitability of Reorganized ETS, the Creditors' Committee's selection of the initial Board of Directors is consistent with the interests of the Holders of Claims and public policy and satisfies section 1123(a)(7).

2.      *Section 1129(a)(2) - Compliance with Applicable Provisions of the Bankruptcy Code.*

Debtors and Creditors' Committee have complied with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(2) of the Bankruptcy Code, including section 1125 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018 and the Solicitation Procedures Order entered July 27, 2001. The Disclosure Statement, the Summary Disclosure Statements and the procedures by which the ballots for acceptance or rejection of the Joint Plan were solicited and tabulated were fair, properly conducted and in accordance with section 1126 of the Bankruptcy Code and Bankruptcy Rule 3018.

513697
WP3:702354.1                                                                        57484.1001