IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PSA, Inc. | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-389-KAJ |
| Inter-World Communications, Inc., Corpserve, S.A. de C.V., World Center of Video Conferences, S.A. De C.V., Dean Hollis Velazco, and John Remke, | ) ) ) ) ) |
| Defendants. | ) |

**REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

    Marla Rosoff Eskin  (No. 2989)
    Kathleen Campbell Davis (No. 4229)
    CAMPBELL & LEVINE, LLC
    800 King Street
    Suite 300
    Wilmington, DE 19899
    302-426-1900

Date: July 13, 2006    Attorney for Dean Hollis Velazco and Corpserve, SA de CV

{D0063440.1 }

## **TABLE OF CONTENTS**

Table Of Authorities……………………………………………………………………………ii

I.  Preliminary Statement………………………..………………………………………….1

II. Argument………………………………………………………………………..………...2

    A.    Summary Judgment must be granted as any recovery in this case will not be for the benefit of the estate as required by 11 U.S.C. §550(a)…………………………………………………………………2

    B.    Summary Judgment must be granted as Plaintiff is judicially estopped from bringing this action by the failure to disclose the claims asserted herein in the First Amended Joint Reorganization Plan…………………………………………………………………... 4

    C.    This action should be dismissed because Plaintiff has failed to effectuate service ………………………………………………...…………...5

Conclusion……………………………………………………………………….………6


# TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)……………………………………...1

*In re Burlinton Motor Holdings, Inc.*, 2002 WL 73490 (D.Del., 2002)………………………2, 3

*In re Crowley, Milner and Company*, 299 B.R. 830 (Bankr. E.D.Mich. 2003) . . . . . . . . . . . . . 4

*Harstad v. First American Bank,* 39 F.3d 898 (8th Cir. 1994)…………………………………….5

*Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414 (3d Cir. 1988) . . . . . . . . . . …..4

*In re Trans World Airlines, Inc.*, 163 B.R. 964 (Bkrtcy. D. Del., 1994)……………………….2, 3

*Westland Oil Dev. Corp. v. Mcorp Mgmt. Solutions, Inc.,*
 157 B.R. 100 (S.D.Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4


**OTHER REFERENCES**

11 U.S.C. §550 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . …………...1

Defendants Dean Hollis Velazco and Corpserve, SA de CV, hereby submit their reply brief in support their Motion for Summary Judgment.

## I. PRELIMINARY STATEMENT

While Plaintiff ETS Payphones ("ETS") asserts in its response to the Motion for Summary Judgment that the issues before the Court have already been ruled upon or cannot be resolved by a motion for summary judgment, this is simply not the case. This court has never entertain a dispositive motion in this case.

With respect to the first issue, whether any recovery will benefit the estate, ETS would have the Court believe that it "effectively resolved" the issue when granting ETS's Motion to Amend the Complaint. In opposing the Motion to Amend, Hollis and Corpserve argued, among other things, that ETS was not the successor-in-interest to the original Plaintiff PSA. This argument, while somewhat related to the question of whether ETS has standing under the bankruptcy code to seek recovery under 11 U.S.C. 550 where such recovery will not benefit the estate, is not the "same argument" as ETS alleges and would in any event be subject to a different standard in the context of a motion to amend a complaint than a motion for summary judgment.

With respect to the second issue, whether the potential cause of action against the Defendants was adequately disclosed in the Plaintiff's Disclosure Statement and First Amended Joint Plan of Reorganization, ETS argues that the adequacy of its disclosure is a question of fact that cannot be resolved on a motion for summary judgment. Again, this is not the case. "Only disputes of fact that might affect the outcome of the lawsuit under governing substantive law are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). The contents of the

disclosure and the cause of action later asserted by the Plaintiff are not in dispute and are a matter of record in the bankruptcy proceedings. These documents contain the material facts regarding this issue. Accordingly, no material facts are in dispute.

Finally, in responding to the third issue, whether Plaintiff has properly served the Defendants, ETS attempts to side-step the fact that, even after the Court ordered ETS to take the steps necessary to comply with the Hague Convention, ETS has failed to complete proper service on the Defendants. Defendants contend, and the transcript demonstrates, that the Court ruled that service in compliance with the Hague Convention would be sufficient and not merely steps towards compliance. Until ETS fully complies with the Hague Convention and completes proper service, they have not complied with the Court's order and should not be allowed to continue with the action at this late date.

## II. ARGUMENT

I. **Any Recovery Obtained In This Case Will Not Be For the Benefit of The Estate**

Determinations regarding whether unsecured creditors benefit from an action are made on a case-by-case basis. *In re Trans World Airlines, Inc.*, 163 B.R. 964, 969 (Bkrtcy. D. Del., 1994).

In response to Hollis and Corpserve's argument that ETS lacks standing under the Bankruptcy Code to bring the instant action as any recovery obtained will not benefit the estate (i.e. unsecured creditors), ETS sites two cases, *Trans World Airlines* and *In re Burlinton Motor Holdings, Inc.*, 2002 WL 73490 (D.Del., 2002) ("Comdata"). While ETS contends these cases support their argument that recovery by PSA and/or ETS will cause a trickle down benefit to

certain pre-petition creditors that were issued stock in the reorganized ETS, the cases can be distinguished from the instant action.

*Trans-World Airlines* and *Comdata*, involved additional factors not present in this instance that were relied upon by the courts in determining those particular actions benefited the respective estates. *Trans-World Airlines*, which resolved the issue of whether a particular recovery benefited TWA's estate on a motion for summary judgment[1], allowed the Reorganized Debtor to apply the recovery, if any, from a $13 million preferential transfer action against Travellers to repay a secured lender with superpriority status. *Trans World Airlines,* 163 B.R. at 967. The lender, Carl Ichan, provided pre- and post-confirmation financing in excess of $250 million in connection with a complex multi-party agreement resolving multiple claims, union, and pension disputes in addition to changing management and financing the company. In negotiating the agreement, it was agreed that any recovery from the Travellers action would be applied to the Ichan loan. In reaching its decision, the Court focused on the benefits of the deal to the estate and the fact that payment in full to Ichan would be required before payment to general unsecured creditors regardless of the assignment of recovery from the adversary proceeding. "If a $13 million payment to Icahn does not come out of the recovery, then it will necessarily come out of other TWA assets." *Id*. at 973.

Similarly, in *Comdata* and the cases on which its ruling relies, the action was assigned to a third party in consideration for some prior benefit to unsecured creditors. *In re Burlinton Motor Holdings, Inc.*, 2002 WL 73490.

In the instant case, recovery by ETS would not provide as clear a benefit to unsecured creditors as paying down a priority lender and was not part of a bargained exchange. In fact, as

---

[1] ETS asserts in its Response that the issue of whether a recovery will benefit the estate cannot be resolved by a motion for summary judgment, however, the cases cited in support of ETS's arguments on this point undercut this assertion.

addressed below, the recovery was reserved for ETS rather than the litigation fund used to pay creditors, in a manner that did not properly disclose to creditors what they were giving up for the benefit of ETS. Reserving the action reduced the recovery to creditors and does not provide any benefit to the estate in exchange for that reservation. Under ETS's Plan, thousands of general unsecured creditors are no longer entitled to distributions from the estate and have no interest whatsoever in the Reorganized ETS. While it is true that the Shareholders of Reorganized ETS as of the Effective Date are/were the Payphone Investors, former unsecured creditors of the Debtors, any benefit accruing to them as a result of a recovery in this action, is extremely attenuated, especially when compared to a cash distribution that would have been available for all unsecured creditors including the Payphone Investors. Accordingly, there is no benefit to the estate and this action cannot be maintained.

**II.   PSA is Equitably and Judicially Estopped from Prosecuting this Adversary Action**

In its response, ETS attempts to distinguish the instant action from *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414 (3d Cir. 1988), however, the principles of *Oneida* are directly applicable to this case. As discussed at length in Hollis and Corpserve's initial brief, the bases for the Third Circuit's holding were the requirement of 11 U.S.C. § 1125(b) that a disclosure statement contain "adequate information" and the doctrine of judicial estoppel. *Id*. at 419. While *Oneida* presented an instance where the plan contained no reference to the cause of action, the same principles apply to a case where a plan contains only veiled or oblique references to a cause of action. The standard, as expressed by the Third Circuit, is "adequate information" not merely the inclusion of a minimal reference.

ETS fails in its response to address the holdings in *In re Crowley, Milner and Company*, 299 B.R. 830 (Bankr. E.D.Mich. 2003) and *Westland Oil Dev. Corp. v. Mcorp Mgmt. Solutions,*

{D0063440.1 } 4

*Inc.*, 157 B.R. 100 (S.D.Tex. 1993) which, as explained in Hollis and Corpserve's initial brief, stand for the proposition that general retention clauses and vague references without more are not "adequate information." Particularly in instances where, as in this case, substantial sums of money are at issue in the concealed action. Unsecured creditors might very well have had a different view of the Plan if they had known of the potential for an additional $9 million cash infusion into the estate.[2]

Similarly, lack of disclosure cannot be bypassed by a mere statement that claims are being evaluated as suggested by ETS. As cited in Hollis and Corpserve's initial brief *Harstad v. First American Bank,* 39 F.3d 898 (8th Cir. 1994) expressly rejects the notion that such a statement satisfies the requirement that a debtor provide adequate information. ETS fails to distinguish or otherwise rebut this case, which was discussed in detail in Hollis and Corpserve's initial brief.

Due to the Debtors lack of adequate disclosure, ETS should be equitably and judicially estopped from pursuing this action.

**III.    PSA Has Still Not Effected Service of Process.**

As discussed previously, the Bankruptcy Court's Order of February 21, 2003 directing PSA to serve all of the defendants pursuant to the Hague Convention, confirmed the inadequacy of PSA's prior attempt at service and directed proper service. The Plaintiff claims that it later attempted to serve the Defendants under the Hague convention. However, the Plaintiff has never succeeded in serving either Corpserve or Hollis, and appears to not have even attempted to do so after one failed attempt under the Hague convention. Thus, Corpserve and Hollis have never

---

[2] Defendants' argument that any recovery will not be for the benefit of creditors, dovetails well with their position that the existence of this claim was not disclosed to unsecured creditors, at all.

been served with this complaint and Plaintiff has failed to comply with the Bankruptcy Court's Order.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that this action be dismissed.

Date:   July 13, 2006                    Respectfully submitted

                                         CAMPBELL & LEVINE, LLC


                             By:         _____
                                         Marla Rosoff Eskin (No. 2989)
                                         Kathleen Campbell Davis (No. 4229)
                                         800 King Street
                                         Suite 300
                                         Wilmington, DE 19899
                                         302-426-1900

                                         Attorney for Dean Hollis Velazco and
                                         Corpserve, SA de CV