IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETS Payphones, Inc. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION No. 04-389-KAJ |
| ) | |
| Inter-World Communications, Inc., ) | |
| Corpserve, S.A. de C.V., World Center ) | |
| of Video Conferences, S.A. de C.V., ) | |
| Dean Hollis Velazco, and John Remke, ) | |
| ) | |
| Defendants. ) | |

## PROPOSED FINAL PRETRIAL ORDER

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16, Federal Rules of Civil Procedure.

**Plaintiff(s) Counsel:**     Jonathan W. Jordan
King & Spalding LLP

Sean M. Beach
Young, Conaway, Stargatt & Taylor, LLP

**Defendant(s) Counsel:**    Marla R. Eskin
Campbell & Levine

### I. Nature of the Case

This case arises from a failed joint venture between the Plaintiff and defendant Corpserve to establish a pay telephone business in Mexico. Plaintiff claims losses from breach of contract against defendant Corpserve, losses from fraudulent conveyance against defendant Corpserve, and losses for breach of a guarantee against defendant Dean Hollis.

## II. Jurisdiction

A. **Nature of the Relief Requested.** This is an action for contractual damages and damages for fraudulent conveyance pursuant to 11 U.S.C. §§ 544, 548 and 550.

B. The jurisdiction of the Court is not disputed. This case is brought before this Court under 28 U.S.C. §§ 157 and 1334(b).

## III. Uncontroverted Facts

The following facts are not disputed or have been agreed to or stipulated to by the parties:

1. Plaintiff ETS Payphones, Inc. ("ETS") is a Georgia corporation in the business of managing pay telephones in the United States.

2. Defendant Corpserve, S.A. de C.V. ("Corpserve") is a Mexican corporation in the business of managing pay telephones in Mexico.

3. Defendant Dean Hollis Velazco ("Hollis") presently resides in the State of Texas.

4. In 1998, Plaintiff, on one hand, and Inter-World Communications, Inc., an affiliate of Corpserve ("IWCI"), Hollis and John Remke (an officer of IWCI), on the other hand, negotiated an agreement to form a joint business venture and other related agreements. These agreements included, without limitation: (a) a Binding Memorandum of Understanding for a Joint Venture Agreement between Twinleaf, Inc. and/or its Assigns and Inter-World Communications, Inc. and/or its Assigns dated October 17, 1998; (b) the Limited Liability Company Agreement of Pay Phones of the Americas, LLC between IWCI and PSA, Inc. ("PSA") dated November 20, 1998; (c) the Agreement of Sale and Assignment of Telephone Location Agreements between World Center of Video Conferences, S.A. de C.V. ("WCVC") and PSA dated November 20, 1998; (d) a Pay Phone Purchase Agreement between PSA and Payphones of the Americas, L.L.C. dated November 20, 1998; (e) the Assignment of Telephone

Location Agreements and Bill of Sale between IWCI and POA dated November 20, 1998; (f) an Assignment Agreement Between WCVC and IWCI; (f) a Shareholder Agreement for Pay Phones of the Americas, LLC, between Charles E. Edwards and IWCI; (g) a Note and Guaranty dated November 10, 1998 between IWCI, PSA and Hollis; (h) a Note and Guaranty dated October 20, 1998 between IWCI, PSA and Hollis. The Plaintiff and IWCI, Hollis, WCVC, Corpserve and Remke were also parties to other rental, assignment, pledge, security, technical and consulting agreements.

5. The purpose of the joint venture was to operate, purchase and install pay telephones in Mexico.

6. On November 20, 1998, a joint venture agreement was signed by Dean Hollis for IWCI and Mario Commido for PSA, Inc., to form a limited liability company named Pay Phones of the Americas, L L.C. ("POA").

7. The Certificate of Formation for POA was filed in the office of the Secretary of State for the State of Delaware on November 30, 1993. POA never opened any bank accounts.

8. POA's principal place of business was listed as 3455 Peachtree Industrial Road, Suite 305-138, Duluth, Georgia 30096.

9. Hollis was designated as IWCI's representative to POA's Management Committee.

10. The Plaintiffs paid monies from approximately 1998 through 2000.

11. Mr. Hollis delivered certain site agreements to Dan Weldon.

12. The parties have not located Schedule A to the November 20, 1998 Joint Venture Agreement.

IV.  **Agreed Issues of Law or Mixed Questions of Law and Fact**

The parties agree that the following are the issues to be decided by the Court:

1. Whether recovery is for the benefit of the estate as estate as required by 11 U.S.C. §550(a).

2. Whether plaintiff is judicially estopped from bringing this action by the failure to disclose the claims asserted herein in the First Amended Joint Reorganization Plan.

3. Whether this action should be dismissed because Plaintiff has failed to effectuate service.

4. Whether the notes and guarantees signed by Dean Hollis were satisfied.

5. Whether Dean Hollis and Corpserve fulfilled all obligations under the contracts.

6. Whether the Plaintiff fulfilled its obligations under the contracts.

7. Whether there was any consideration for the guarantees made by Mr. Hollis.

8. Whether the Defendants fulfilled their obligations under the contracts.

V.  **Witnesses (Please note those who will testify by deposition.)**

A. List of witnesses the plaintiff expects to call, including experts:

1. Expert witnesses.

   None.

2. Non-expert witnesses:

   Dean Hollis
   Mitchell Bodian
   Guy Longobardo
   Michael McClellan

B. List of witnesses defendant expects to call, including experts:

1. Expert witnesses.

   Dean Hollis
   Xavier Salzar

The defendants object to the testimony of any expert witness on the following grounds: (1) no expert disclosures have been provided to the defendants as required by Rule 26 of the Federal Rules of Civil Procedure and paragraph 3(d) of the Court's February 4, 2005 Scheduling Order; and (2) no expert issues are present in this case.

    2.    Non-expert witnesses.

        Dean Hollis
        Xavier Salzar
        Dan Weldon
        Mario Commido

The parties reserve the right to call any witness listed by the opposing party.

    C.    **Rebuttal Witnesses**. Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

## VI. Exhibits

As set forth in Local Rule 16.4(d)(6), "A list of pre-marked exhibits, including designations of interrogatories and answers thereto, request for admissions and responses, which each party intends to offer at the trial with a specification of those which will be admitted in evidence without objection, those that will be objected to and the Federal Rule of Evidence in support of said objection and the Federal Rule of Evidence relied upon by the proponent of the exhibit."

| Exhibit Number | Description | Objection? | Basis for Objection |
|---|---|---|---|
| 1. | Binding Memorandum of Understanding for a Joint Venture Agreement between Twinleaf, Inc. and/or its Assigns and Inter-World Communications, Inc. and/or its Assigns dated October 17, 1998 | | |
| 2. | Limited Liability Company Agreement of Pay Phones of the Americas, LLC between IWCI and PSA dated November 20, 1998 | | |

| # | Description | | |
|---|---|---|---|
| 3. | Agreement of Sale and Assignment of Telephone Location Agreements between WCVC and PSA dated November 20, 1998 | | |
| 4. | Pay Phone Purchase Agreement between PSA and Payphones of the Americas, L.L.C. dated November 20, 1998 | | |
| 5. | Assignment of Telephone Location Agreements and Bill of Sale between IWCI and POA dated November 20, 1998 | | |
| 6. | Shareholder Agreement for Pay Phones of the Americas, LLC, between Charles E. Edwards and IWCI | | |
| 7. | Note and Guaranty dated November 10, 1998 between IWCI, PSA and Hollis | | |
| 8. | Note and Guaranty dated October 20, 1998 between IWCI, PSA and Hollis | | |
| 9. | Financial Statements of Corpserve | Yes | Not produced in discovery |
| 10. | Defendant Dean Hollis Velazco's Supplemental Answers to Requests for Admissions, Interrogatories and Requests for Production | | |
| 11. | Plaintiffs' responses to interrogatories, requests for production, request for admissions and Rule 26 disclosures. | | |
| 12. | Letter from Mr. Dean Hollis to Mr. Ryan Pumpian Regarding IWCI Position with Respect to ETS Equity Ownership in Corpserve (September 3, 2002) | Yes | FRE 408 |
| 13. | Installation Agreement Between POA and Corpserve | | |
| 14. | Service Agreement between POA and Corpserve | | |
| 15. | Letter from Dean Hollis Velazco to Mr. Matt Campbell Regarding Overpayment of Commissions (July 22, 1999) | | |
| 16. | Monthly Income Expense summaries | Yes | Not produced in discovery |
| 17. | POA – Corpserve Joint Venture Contribution Reconciliation and Installations- numerous months. | | |

| 18. | Accounting reports | Yes | Not produced in discovery |
|---|---|---|---|
| 19. | Commission Costs True-Up/Analysis – 12/1988 to September 1999 | | |
| 20. | Profit/Loss Summary 1/1999 – 8/2005 | Yes | Not produced in discovery |
| 21. | Letter from J. Remke to Elcotel (December 8, 1998) | | |
| 22. | Letters to Charles Edwards from J. Remke regarding joint venture on status of financials, installation, billing, credit, operations | Yes | Not produced in discovery |
| 23. | Letter from IWCI to Charles Edwards (December 10, 1998) | | |
| 24. | Fax from Susanne Occhipinti at Elcotel Telecommunications to Francisco Gomez at WCVC (November 30, 1998) | Yes | Not produced in discovery |
| 25. | Letter from Jack Remke of IWCI to Mr. Charles Edwards of ETS, Inc. and Mr. Dan Weldon c/o Legends, Inc. Highlighting the Charges during June 1999 (July 7, 1998) | | |
| 26. | Agreement of Sale and Assignment of Telephone Location Agreements (WCVC to PSA) (November 20, 1998) | | |
| 27. | Assignment of Telephone Location Agreements and Bill of Sale (IWCI to POA) (November 30, 1998) | | |
| 28. | E-mail from Les Civil at Elcotel to Jack Remke (January 8, 1999) | Yes | Not produced in discovery |
| 29. | E-mail between Dean Hollis and Jack Remke (June 14, 2000) | | |

### VII. Damages

Breach of Contract/Fraudulent Conveyance (Corpserve): $7,100,000 plus prejudgment interest

Breach of Contract (Hollis): $1,132,455 plus prejudgment interest

### VIII. Bifurcated Trial

The parties do not believe that a bifurcated trial is necessary.

### IX. Trial Briefs

Because no jury has been requested, no motions in limine are required.

Defendants have filed a motion for summary judgment and request argument on the same.

The Plaintiff believes that defendant Hollis will attempt to introduce evidence or argument to vary the terms of the two unambiguous guarantees he signed by testifying or arguing that the purpose of the guarantees had been fulfilled when the Defendants provided certain site contracts to the joint venture. This is nothing more than an attempt to vary the unambiguous terms of the contract through interpretation by extrinsic evidence. The notes that defendant Hollis guaranteed state that "the borrower [IWCI] shall pay to the order of PSA, Inc....the total amount" owed by each note. The guarantees simply state that Hollis "guarantees full payment of the above amount, and shall remain liable until the note is fully satisfied and paid in full." The notes and guarantees say nothing about being satisfied through alternate arrangements, such as "the provision of site agreements." Under the parol evidence rule, as applied in the District of Delaware, oral evidence cannot be used to vary the terms of an otherwise unambiguous contract. *Washington Hospital v. White*, 889 F.2d 1294, 1302 n.12 (3d Cir. 1989) ("If the written contract is unambiguous, the Parol Evidence Rule ... bar[s] the use of extrinsic evidence for

interpretation.."); *Falco v. Alpha Affiliates, Inc.,* 1999 WL 222464 (D.Del. Mar. 24, 1999) ("Further, when the term at issue is unambiguous, the court is barred by the parol evidence rule from looking beyond that unambiguous contract language for evidence of the parties' intent."). Because the parties are aware of this issue, the Plaintiff requests that the Court consider the applicability of the parol evidence rule to the aforementioned testimony at the appropriate time.

X.   **Limitations, Reservations and Other Matters**

    A.   **Length of Trial**. The probable length of trial is two to three days. This case will be tried to the Court.

IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court.

DATED: November 7, 2006

_____
HONORABLE KENT A. JORDAN,
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

_____
Séan M. Beach (No. 4070)
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

- and -

Jonathan W. Jordan
King & Spalding LLP
1180 Peachtree Street
Atlanta, Georgia 30309
Tel: (404) 572-3568
Fax: (404) 572-5129

ATTORNEYS FOR PLAINTIFF
ETS PAYPHONES, INC.

_____ by permission KAJ
Marla R. Eskin (No. 2989)
Campbell & Levine
800 North King Street, Suite 300
Wilmington, Delaware 19801

ATTORNEY FOR DEFENDANTS
DEAN HOLLIS VELAZCO AND
CORPSERVE, S.A. de C.V.